**Milton Dewey SMITH and Will Eugene Allen, individually and on behalf of all other similarly situated, Plaintiffs,**

v.

**The Honorable H. F. SMITH, Municipal Judge of the City of Klamath Falls, State of Oregon, and Robert D. Boivin, Municipal Judge pro-tempore of the City of Klamath Falls, Defendants.**

**Civ. No. 73-91.**

United States District Court, D. Oregon.

Sept. 9, 1973.

---

L. A. Aschenbrenner, Portland, Ore., for plaintiffs.

William P. Brandsness, Klamath Falls, Ore., for defendants.

## OPINION AND ORDER

BURNS, District Judge:

All other issues having been resolved by stipulation of the parties and a court order pursuant thereto, the only remaining issue is whether attorney fees should be awarded to Plaintiffs.

A brief description of this litigation will facilitate understanding of this issue. Plaintiffs brought this class action for injunctive and declaratory relief pursuant to 42 U.S.C. § 1983. Plaintiffs are indigent citizens who had been incarcerated in the city jail of Klamath Falls, Oregon, because they could not pay fines levied upon their convictions for violations of a local ordinance. Defendants are a judge and judge pro-tempore of the Municipal Court of the City of Klamath Falls.

The order entered, pursuant to stipulation, declared the local ordinance, as applied to plaintiffs, unconstitutional on its face, enjoined future incarceration of persons solely because they are too poor to pay fines, and detailed requirements regarding advising persons, accused of offenses carrying the possibility of imprisonment upon conviction of their right to counsel.

"Although the traditional American rule ordinarily disfavors the allowance of attorneys' fees in the absence of statutory or contractual authorization, federal courts, in the exercise of their equitable powers, may award attorneys' fees when the interests of justice so require." *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 1945–46, 36 L.Ed.2d 702 (1973). In *Hall*, the Court specifically recognized two situations where counsel fees may be awarded to a successful party. First, they may be awarded when the opponent has acted in bad faith. *Id.* at 1946. Second, counsel fees may be awarded where the Plaintiff's efforts confer a substantial benefit on the members of an ascertainable class and it is possible for the Court to structure the award so as to spread the costs proportionately among the members of the class. *Id.* at 1946. This "common benefit" may be monetary in nature or it may be the correction or prevention of an abuse prejudicial to the rights of others. *Id.* at 1946 n. 7.

■ Because of its conclusion with respect to the "common benefit" rationale the Court, in *Hall*, did not consider a third ground, referred to as the "private attorney general" exception, upon which Courts have relied to grant attorney fees. *Id.* at 1946–47 n. 7. The "private attorney general" rationale applies in cases where Plaintiff's litigation success effectuates strong public policies, benefits numerous people, and only a private party could be expected to bring the litigation, even though the economic burden of such litigation is a significant hardship. *La Raza Unida v. Volpe*, 57 F.R.D. 94, 101 (N.D.Cal. 1972).

■ Although *Hall, supra,* specifically involved an action under § 102 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 412, the principles enunciated in that opinion were not limited to cases arising under the LMRDA. Attorney fees have been awarded under 42 U.S.C. § 1983, even though the statute does not specifically provide for such awards. *Monroe v. Board of Commissioners*, 453 F.2d 259 (6th Cir. 1972), *cert. denied*, 406 U.S. 945, 92 S.Ct. 2045, 32 L.Ed.2d 333; *Hammond v. Housing Authority*, 328 F.Supp. 586 (D.Or.1971). The facts of this case do not justify a finding of bad faith on the part of the Defendants. Furthermore, it would not be possible to spread the costs of the litigation among the members of the class benefited, i. e. future indigent defendants. However, the "private attorney general" rationale would justify an award of attorney fees in this case were it not for the concerns discussed *infra.*[1]

Because Defendants were made parties to this litigation by reason of their actions as judges of the Municipal Court of Klamath Falls, I requested supplemental memoranda from counsel on the applicability of the common law doctrine of judicial immunity to the re-

quest for attorney fees. The issue has been competently briefed.

■ In *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), the Supreme Court unequivocally held that the common law doctrine of judicial immunity was not abolished by the enactment of 42 U.S.C. § 1983. *Id.* at 554, 87 S.Ct. 1213. The Court specifically held that judicial immunity barred a damage action under § 1983 brought against a municipal police justice. *Accord, Cross v. Board of Supervisors*, 326 F.Supp. 634 (N.D.Cal. 1968), *aff'd*, 442 F.2d 362 (9th Cir. 1971). Plaintiffs do not dispute the proposition that judicial immunity bars a damage action against a judge for actions within his legal capacity. Rather they assert that because judicial immunity does not bar injunctive relief against judicial officers, *Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972), *cert. granted*, 411 U.S. 915, 93 S.Ct. 1544, 36 L.Ed.2d 306 (1973) (No. 72–953), the doctrine should not bar an award of attorney fees incidental thereto. The former proposition does not compel the latter. On the contrary, the same policies which underlie judicial immunity to damage actions prohibit the award of attorney fees in this case.

■ In *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 20 L.Ed. 646 (1872), relied upon in *Pierson, supra,* Mr. Justice Field wrote, "For it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of *personal consequences* to himself." (Emphasis supplied). 80 U.S. 347. These policies are so strong that immunity applies even when the judge is accused of acting maliciously and corruptly. *Pierson, supra,* 386 U.S. at 554, 87 S.Ct. 1213. Given the basis for the doctrine of judicial immunity, no valid

---

1. Contrary to Defendants' suggestion, the fact that Plaintiffs' counsel may not charge his clients or that he receives money from other organizations is not germane to Plaintiffs' status as private attorneys-general. *La Raza, supra* at 98 n. 6.

distinction can be drawn between an award of money *as damages* and an award of money as *attorney fees*. In either case, the *personal consequences* to the judicial officer are identical. The imposition of "such a burden on judges would contribute not to principled and fearless decision-making but to intimidation." *Pierson, supra* at 554, 87 S.Ct. at 1218.

Plaintiffs rely heavily upon *Callahan v. Wallace,* 466 F.2d 59 (5th Cir. 1972). In *Callahan,* plaintiffs brought an action against all justices of the peace in Alabama, and others (including police officials), for injunctive relief, damages, and attorney fees. The Court of Appeals held the trial judge erred in declining to award attorney fees. *Callahan* may be distinguished from the instant case on the following grounds. *First,* judicial immunity was not discussed. *Second,* the class action in *Callahan* was directed at recovering traffic fines which had been illegally exacted because the compensation of the justices involved depended on convicting the defendants. For reasons not relevant here, the fines were not refunded, but the Court's opinion indicates that it considered the fines to constitute a fund to which plaintiffs had some claim. No such fund exists in this case. *Third,* defendants in *Callahan* included persons not protected by the doctrine of judicial immunity.

Nevertheless, Plaintiffs contend that *Callahan* stands for the proposition that judicial immunity does not bar an award of attorney fees in a suit against judicial officers for actions within their judicial capacity. If Plaintiffs' interpretation is correct, I think *Callahan* was wrongly decided and do not choose to follow it. In light of the longstanding and recently emphasized Supreme Court position regarding the absoluteness of judicial immunity, *Bradley* and *Pierson, supra,* and in the absence of directions from the Ninth Circuit to the contrary, it would be appropriate for

this Court to carve out any exceptions to the doctrine.

Based upon the foregoing,

It is hereby ordered that Plaintiffs' motion for award of attorneys' fees is denied.