CLAIROL INCORPORATED, a corpo-
ration, Plaintiff,

v.

SUBURBAN COSMETICS AND BEAUTY
SUPPLY, INC., a corporation,
Defendant.

No. 67 C 2028.

United States District Court
N. D. Illinois, E. D.

Jan. 16, 1968.

John H. Andrew, of Woodson, Patti-
shall & McAuliffe, Chicago, Ill., for plain-
tiff.

Ronald P. Alwin, of Sloan & Bragiel,
Chicago, Ill., for defendant.

## MEMORANDUM OPINION

WILL, District Judge.

This is an unfair competition and un-
fair business practices action. Plaintiff,
Clairol Incorporated, is seeking to en-
join the defendant, Suburban Cosmetics
and Beauty Supply, Inc., from offering
for sale or selling to the general public
(i. e., persons other than licensed beau-
ticians) plaintiff's coal tar dye products,
including its "Miss Clairol Hair Color
Bath," which have been specially pack-
aged, labeled and distributed by plaintiff
for professional use only. The plaintiff
also seeks an award of its actual damages,
an accounting of defendant's alleged
wrongful profits and punitive damages.

Plaintiff filed its complaint in the
Chancery Division of the Circuit Court
of Cook County on October 11, 1967. On
November 21, 1967, defendant filed a pe-
tition, pursuant to 28 U.S.C. §§ 1441 and
1446, removing the action to this Court.
Plaintiff contends that this Court is
without jurisdiction and moves to re-
mand the action under 28 U.S.C. § 1447
to the Circuit Court of Cook County.

In its petition of removal the
defendant asserts that this Court has
jurisdiction of the action by reason of
diversity of citizenship and the existence
of a federal question. Plaintiff is a

Delaware corporation with its principal place of business in a state other than Illinois. Defendant is a corporation incorporated under the laws of the State of Illinois, having its principal place of business in the State of Illinois. Although diversity exists between the parties, defendant is precluded from invoking diversity jurisdiction as a basis for removal since it is a citizen of the state in which the action was instituted. 28 U.S.C. § 1441(b). Therefore, the sole question presented by the instant motion is whether the plaintiff's complaint is founded on a claim or right arising under the laws of the United States.

When faced with this question in Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), the Supreme Court set the following standards:

> "To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. * * * The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another." Id. at 112–113, 57 S.Ct. at 97.

These principles are the most common which have been applied by the federal courts in determining whether a federal question is present. See American Dredging Co. v. Local 25, Marine Div., Int. U. Op. Eng., 338 F.2d 837, 843–846 (3d. Cir. 1964), cert. denied 380 U.S. 935, 85 S.Ct. 941, 13 L.Ed.2d 822 (1965). However, no single test or abstract definition of what constitutes a federal question can be applied with precision to the enormous variety of situations which are presented to the federal courts. Indeed, in Gully, itself, the Supreme Court seemed to recognize the inherent limits of such tests and to endorse a common-sense approach to many of the situations which might arise. See 299 U.S. at 117–118, 57 S.Ct. 96, 81 L.Ed. 70. See, also, Wright, Federal Courts § 17, p. 51 (1963). The instant action seems to pose such a situation.

Plaintiff's complaint alleges the resale by the defendant to the general public of certain products manufactured, packaged and distributed by plaintiff for use by professional beauticians. Among these products is a hair color preparation advertised and sold by the plaintiff under its trademark "Miss Clairol Hair Color Bath." Under the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 361, and the Illinois Uniform Drug, Device and Cosmetic Act, Ill.Rev.Stat., ch. 111½, § 421, this preparation is classified as an adulterated cosmetic and subject to government seizure unless it is sold under a label displaying a prescribed cautionary statement. Plaintiff markets this preparation for sale to both the general public and professional beauticians. Each bottle of the preparation which is marketed for sale to the general public bears a label with the statement upon it. However, quantities of the preparation which are marketed exclusively for professional use do not carry the prescribed statement on each bottle label. The complaint asserts that the alleged sales by the defendant to the general public of quantities of the preparation intended exclusively for professional use are in violation of the above state and federal statutes, subject plaintiff's products to *in rem* seizure and expose plaintiff to civil suit and unfavorable publicity. The complaint further asserts that these alleged sales violate the Illinois Anti-Dilution Statute, Ill.Rev. Stat., ch. 140, § 22, constitute unfair competition, and violate the Illinois Deceptive Trade Practices Act, Ill.Rev.Stat., ch. 121½, §§ 311–317.

It is obvious that the plaintiff does not rely on the Federal Food, Drug and Cosmetic Act as the basis for an independent claim which it is seeking to enforce under the federal law. Rather, its complaint refers to this statute to establish a basis for equitable relief, i. e., a claim of irreparable injury based on the possibility of *in rem* seizure of its products and attendant damaging publicity. Indeed, it does not appear that the plaintiff could institute such an action since 21 U.S.C. § 337 specifically provides that all proceedings for the enforcement of the

Federal Food, Drug and Cosmetic Act "shall be by and in the name of the United States." Thus, it appears that this suit is nothing more than an unfair competition, unfair business practices action founded on state law.

The defendant disagrees with this characterization. It contends that the complaint alleges a single claim or cause of action supported by different theories of recovery, one based on federal law. It contends, therefore, that this suit comes within the pendent jurisdiction of this Court, citing Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933).

The defendant argues that the fact that section 377 of Title 21 provides for enforcement by the United States Government does not preclude a civil action for damages by private parties. It bases this contention on the theory that a civil remedy will be implied from a criminal statute where the public welfare is involved or the personal interest invaded is one which the criminal statute is intended to protect. Defendant points to the case of Orthopedic Equip. Co. v. Eutsler, 276 F.2d 455 (4th Cir. 1960), in support of its contention that the Federal Food, Drug and Cosmetic Act creates such a private, federally-based cause of action. The jurisdiction of the court in *Eutsler*, however, was based on diversity of citizenship and the court's decision as to the defendant's liability was based upon its interpretation of the law of Virginia. 276 F.2d at 461. That decision, therefore, does not stand for the proposition that a private civil remedy exists under the Federal Food, Drug and Cosmetic Act. Indeed, there does not seem to be any case in which such a remedy has been recognized.

Moreover, it is obvious that the plaintiff has not drawn its complaint to seek relief on the basis of such a theory of recovery, but has merely referred tangentially to the Act to disclose its need for injunctive relief. The remote possibility that the plaintiff might assert a theory of recovery based on the Act at trial would not confer federal question jurisdiction upon this court. See Pan American Petroleum Corp. v. Superior Court of Delaware, etc., 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961); Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334 (1939); Gully v. First National Bank, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Such a theory would not seem basic or necessary to plaintiff's cause. Thus, the circumstances of this action lead to the conclusion that the complaint does not allege a substantial claim based on federal law. Indeed, common sense would seem to dictate no other conclusion.

We hold that the complaint does not allege a substantial claim founded directly on federal law and that, therefore, the doctrine of pendent jurisdiction enunciated in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), is inapplicable to the present action. Accordingly, plaintiff's motion to remand the suit to the Circuit Court of Cook County should be granted. An appropriate order will enter.