Nancy Jewell CROSS, Plaintiff,

v.

**BOARD OF SUPERVISORS OF SAN MATEO COUNTY et al.,**
**Defendants.**

*No. 44135.*

United States District Court,
N. D. California.

Dec. 17, 1968.

Nancy Jewell Cross, in pro. per.

O'Connor, Moran, Cohn & Lunch, San Francisco, Cal., for defendants.

MEMORANDUM AND ORDER

OLIVER J. CARTER, Chief Judge.

Dr. Nancy Jewell Cross commenced this action on September 17, 1965. Her original complaint was in the form of a civil rights complaint against elected and appointed officers, agents and employees of San Mateo County, California. After a dismissal of the complaint with leave to amend, plaintiff filed an amended complaint on January 12, 1968. The amended complaint is directed against more than one hundred defendants, alleging conspiracies to deprive plaintiff of her civil rights and to distribute and use unlawfully air deodorizers and fresheners. Among these defendants are residents of California as well as residents from other states and foreign countries.

The parties themselves have categorized the named defendants into three groups. For convenience, the Court adopts these designations for purposes of discussion. The "air pollution defendants" are being charged with manufacturing, distributing, and using air-freshener devices which are detrimental to the people's health and welfare. The "defamation defendants" and the "county defendants" are both charged with conspiring to deprive plaintiff of her civil rights and liberties. Defendants in all three categories have filed motions to dismiss the amended complaint. After a careful consideration of plaintiff's allegations, the Court concludes that these motions should be granted.

The federal courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power as defined in the United States Constitution and those which fall within the area of jurisdiction granted by Congress. One who seeks to invoke the jurisdiction of a federal court must demonstrate that the case is one which a federal court is competent to hear. Rule 8 of the Fed.R.Civ.P. requires that a pleading which sets forth a claim for relief, contain a short and plain statement of the grounds upon which the court's jurisdiction depends and a short, plain, direct and concise statement of the claim showing that the pleader is entitled to relief. Plaintiff's thirty-two page complaint failed to comply with this rule

and imposed a great burden upon the defendants in their attempts to draw responsive pleadings. Despite this shortcoming, the Court has considered the fact that the complaint is drawn in propria persona and has diligently searched the complaint to determine whether plaintiff has stated a claim for relief for which this Court is empowered to grant relief. Although plaintiff has not related her factual allegations to the federal laws under which her claims are based, a list of federal statutes is attached to the amended complaint which lends aid to the Court in making this determination.

Plaintiff has alleged that the various "air pollution defendants" are representing false information by label or other communication, with regard to the chemical make-up and effect of products made available for public sale. This allegation suggests a violation of Section 12 of the Federal Trade Commission Act, 15 U.S.C. § 52, which provides in part that it "shall be unlawful * * * to disseminate * * * any false advertisement * * * for the purpose of * * * inducing * * * the purchase of food, drugs, devices, or cosmetics." This section, however, is part of an elaborate system which Congress has established to curb unfair business practices. The Federal Trade Commission is empowered to conduct investigation and enforce standards of business practice set by Congress. 15 U.S.C. § 41 et seq. Criminal penalties are provided for violations of Section 12. 15 U.S.C. § 54. The Commission is granted the power to bring suit in district courts of the United States for injunctive relief against violation of Section 12. 15 U.S.C. § 53. No provision is made for relief to private individuals against persons who violate this Section.

The Court recognizes, however, that mere absence of a specific provision for civil recovery is not alone a sufficient basis for denying a civil remedy, as the courts have recognized civil actions based on federal regulatory legislation imposing criminal penalties. E. g.,

Wyandotte Transportation Co. v. United States, 389 U.S. 191, 88 S.Ct. 379, 19 L. Ed.2d 407 (1967); Reitmeister v. Reitmeister, 162 F.2d 691 (2d Cir. 1947). In the words of Mr. Justice Frankfurter:

"A duty declared by Congress does not evaporate for want of a formulated sanction. When Congress has 'left the matter at large for judicial determination,' our function is to decide what remedies are appropriate in the light of the statutory language and purpose and of the traditional modes by which courts compel performance of legal obligations. * * * If civil liability is appropriate to effectuate the purposes of a statute, courts are not denied this traditional remedy because it is not specifically authorized." Montana Dakota Utilities Co. v. Northwestern Public Service Co., 341 U.S. 246, 261, 71 S.Ct. 692, 700, 95 L.Ed. 912 (1951) (dissenting opinion).

Plaintiff has made reference to the many cases which have implied civil recovery under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, as implemented by Securities Exchange Commission Regulation X–10B–5. However, the Securities Exchange Act contains several sections specifically making civil recovery available. E. g., 15 U.S.C. §§ 78i(e), 78p(b), 78r(a). It is thus said that recognition of the right of defrauded sellers or buyers of securities to seek redress in damages in federal courts is necessary to make the Act more reasonably complete and effective. Fratt v. Robinson, 203 F.2d 627, 632 (9th Cir. 1953).

In the instant case, relief in accordance with plaintiff's demands is inappropriate. The Federal Trade Commission Act is a measure in which Congress has relied upon the initiative of administrative officials and the flexibility of the administrative process to preserve and promote competition. United States v. Morton Salt Co., 338 U.S. 632, 640, 70 S.Ct. 357, 94 L.Ed. 401 (1950). "The Commission alone is empowered to

develop that enforcement policy best calculated to achieve the ends contemplated by Congress." Moog Industries, Inc. v. F. T. C., 355 U.S. 411, 413, 78 S.Ct. 377, 2 L.Ed.2d 370, 379 (1958). Plaintiff, in seeking injunctive relief on behalf of herself and other citizens similarly situated, is attempting to perform the very function for which the Federal Trade Commission was created. She has not shown any damages to herself from the alleged violation of Section 12 which would make it inequitable to deny her compensatory relief. The allegation that "air, water, and soil pollution with products of the chemical industry shortens life expectancy" is insufficient to serve this purpose. The Court thus concludes that plaintiff has failed to state a claim for relief based on Section 12 of the Federal Trade Commission Act.

■■ Plaintiff's allegations further suggest a violation of the Hazardous Substances Labeling Act, 15 U.S.C. § 1261 et seq. The Act prohibits misbranding of hazardous substances and provides criminal penalties for violation of the statutory standards set by Congress. 15 U.S.C. §§ 1263, 1264. Congress has established the procedural means through which the Secretary of Health, Education, and Welfare may investigate violations and enforce the provisions of this Act. Civil recovery under this Act may be applied under appropriate circumstances but for reasons similar to those discussed above, the Court concludes that plaintiff has failed to state a claim for relief based on violations of the federal Hazardous Substances Labeling Act. See, Fine v. Philip Morris, Inc., 239 F.Supp. 361 (S.D. N.Y.1964).

■ The amended complaint may also be read as charging a violation of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq. The Act prohibits various acts regarding the manufacture, distribution, and labeling of any food, drug, device, or cosmetic. 21 U.S. C. § 331. Here too, Congress has established the procedural means through which the Secretary of Health, Education, and Welfare may enforce the provisions of this Act. It is further provided in this Act that "proceedings for the enforcement, or to restrain violations of this chapter shall be by and in the name of the United States." 21 U.S.C. § 337. Here too, the mere allegation that this Act has been violated is not a statement of a claim for relief in favor of a private individual. . Clairol Inc. v. Suburban Cosmetics and Beauty Supply, Inc., 278 F.Supp. 859 (N.D.Ill.1968).

■ Plaintiff has made several references to recent cases in the federal courts which have recognized strict liability in tort for defective products. E. g., Davis v. Wyeth Laboratories, Inc., 399 F.2d 121 (9th Cir. 1968). These cases involve application of state law by federal courts in which jurisdiction is founded upon diversity of citizenship. Federal courts have jurisdiction to hear common law actions, whether based on negligence, products liability, nuisance or breach of warranty, if the controversy is between citizens of different states. 28 U.S.C. § 1332. Complete diversity of citizenship is clearly lacking here and this Court is powerless to grant relief for claims for relief that do not otherwise arise under the Constitution, Treaties, or laws of the United States. U.S.Const. art. III, § 2.

Plaintiff also alleges that various "newspaper defamation defendants" have recklessly participated in defaming plaintiff through slander, libel, false report, and false process, thus depriving her of due process of law and equal protection of the laws. It is vaguely alleged that these defendants conspired with county officials to deprive her of her right to have a fair trial in the criminal proceedings against her in San Mateo County, California.

■ These allegations against the newspaper defendants were not a part of the plaintiff's original complaint filed on September 17, 1963. Thus, a new and distinct cause of action was introduced by the amended complaint filed on

January 12, 1968. The acts complained of allegedly took place in November, 1963, which is more than four years before the filing of this claim for relief. The Civil Rights Act contains no provision limiting the time within which an action may be brought under Section 1985. The applicable period of limitation is that provided by statutes of California, the state in which the action arose. Beauregard v. Wingard, 230 F. Supp. 167 (S.D.Cal.1964). The appropriate California statute is Section 338(1) of the California Code of Civil Procedure, which provides that actions "upon a liability created by statute" must be brought within three years. Smith v. Cremins, 308 F.2d 187 (9th Cir. 1962). Since the period of limitation has been exceeded, the action is dismissed as against the newspaper defendants.

▮ Plaintiff has alleged that the "county defendants" acted "in concert, maliciously, to deprive her of fair trial and due process of law." This claim is directed against various judges, the District Attorney and his deputies, and other officials of San Mateo County who were involved in the criminal proceedings against Dr. Cross on October 17, 1963. Jurisdiction of this federal claim is correctly asserted under 28 U.S.C. § 1343. Damages are sought pursuant to 42 U.S.C. §§ 1983, 1985.

▮ Judges are immune from liability under the Civil Rights Act for acts committed within their judicial capacity even if a judge is accused of acting maliciously. Pierson v. Ray, 386 U. S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). A like immunity extends to other governmental officers whose duties are related to the judicial process. Harmon v. Superior Court of State of California, 329 F.2d 154 (9th Cir. 1964). Plaintiff complains of acts committed by these officials within their official capacity. The defendants are immune under the immunity doctrine and as such the action against them must be dismissed. See, Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959).

▮ Plaintiff has also named the County of San Mateo as a defendant to this action. Political subdivisions of a state are immune from liability under the Civil Rights Act. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961). Thus, the action against the county must also be dismissed.

It is hereby ordered that all motions to dismiss the amended complaint with prejudice are granted, and the action is hereby dismissed with prejudice as to each and every named defendant.