PACIFIC TRADING COMPANY et al.,
Plaintiffs-Appellants,

v.

WILSON AND COMPANY, INC., et al.,
Defendants-Appellees.

No. 75–1099.

United States Court of Appeals,
Seventh Circuit.

Argued May 21, 1975.

Decided Nov. 22, 1976.

Joel J. Bellows, Charles B. Bernstein, Chicago, Ill., for plaintiffs-appellants.

Gerald D. Mindell, Philip F. Purcell, John T. Burke, Thomas W. Conklin, Mark S. Lieberman, William H. Schrader, Chicago, Ill., for defendants-appellees.

Before SPRECHER and BAUER, Circuit Judges, and EAST,* Senior District Judge.

EAST, Senior District Judge:

## THE APPEAL

The plaintiffs-appellants Pacific Trading Company, a partnership, Myron Rosenthal and Jeffrey Silverman, (hereinafter referred to as Pacific) appeals from a final judgment in favor of the defendants-appellees (independent meat packers and cold storage companies), signed and entered by the District Court on December 20, 1974, and December 26, 1974, respectively. The judgment was based in part[1] upon the several orders granting the Fed.R.Civ.P. 12(b) motions of the defendants-appellees and dismissing Counts I and II of Pacific's private action complaint on the grounds that the allegations of the two counts, respectively, failed to state a claim upon which civil damages could arise and be granted to Pacific. Each of the two counts were bottomed upon an alleged breach of a meat product sales contract by the defendants-appellees through individual and in concert acts in violation of 7 U.S.C. §§ 181, et seq., the Packers and Stockyards Act; 7 U.S.C. §§ 241, et seq., United States Warehouse Act; 21 U.S.C. §§ 301, et seq., Federal Food, Drug and Cosmetic Act; and 21 U.S.C. §§ 601, et seq., Federal Meat Inspection Act. Pacific's complaint alleges federal question jurisdiction in the District Court under 28 U.S. § 1331.

The single issue presented on appeal is whether the District Court erred in the entry of the orders of dismissal. We affirm.

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. The final judgment was also based in part upon the District Court's dismissal of Counts

## CONCLUSION

Assuming, *arguendo,* that the alleged acts on the part of the defendants-appellees in Counts I and II constitute a violation of one or more of the mentioned Acts of Congress by one or more of the defendants-appellees, we conclude and hold that none of the several Acts of Congress expressly or inferentially permit the prosecution of a private action for a monetary recovery thereunder or enforcement thereof by fine. Accordingly the dismissal of Pacific's several alleged private action causes under Counts I and II, respectively, was proper under the law and the District Court did not err. Our conclusion and holding is based upon the able analysis of the legislative intent of Congress in the enactment of the Acts involved and the judicial grounds and rationale set forth in the Memorandum of Decision by District Judge Lynch entered in the cause on November 6, 1974, and attached hereto as Appendix A. *Also see generally Wheeldin v. Wheeler,* 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963), and *Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947).

The above-mentioned final judgment in favor of the defendants-appellees is affirmed.

AFFIRMED.

## APPENDIX A

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

Pacific Trading Company, a Partnership, Myron Rosenthal and Jeffrey Silverman,

*Plaintiffs,*

v.

Wilson and Company, Inc., a Corporation, Federal Cold Storage Warehouses, a

III, IV, and V of Pacific's complaint involving diversity state claims. However, those orders are not involved on this appeal.

Division of City Products Corp., a Corporation, Neuhoff Bros. Packers, Inc., a Corporation, Commercial Cold Storage Warehouses, Inc., a Corporation, L.&H. Packing Company, a Corporation,

*Defendants.*

No. 74 C 1328

MEMORANDUM OF DECISION

Plaintiffs have brought this action against Wilson and Company and other named defendants for purported breaches of various contracts and alleged violations of federal statutes. Specifically plaintiffs purchased approximately 70,000–80,000 pounds of frozen hams from Wilson which the plaintiffs then put into storage. Approximately three to four months later, plaintiffs resold the hams to two purchasers who, after transporting the goods, rejected the hams as "off-condition" and, therefore, non-conforming. This cause now comes before the Court on the motions of various defendants to dismiss for failure to state a claim upon which relief can be granted and the absence of diversity jurisdiction.

Plaintiffs allege that the actions in count I and II are brought pursuant to 7 U.S.C. Sec. 192 (Packers and Stockyards Act), 7 U.S.C. Sec. 270 (U.S. Warehouse Act), 21 U.S.C. Sec. 331 (Federal Food, Drug and Cosmetic Act) and 21 U.S.C. Sec. 610 (Federal Meat Inspection Act) and their alleged jurisdictional counterparts, 28 U.S.C. Sections 1331 and 1337, Counts III, IV and V are alleged to be brought as diversity actions pursuant to 28 U.S.C. Sec. 1332.

I

COUNTS I AND II FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Counts I and II of the Complaint allege violations of four federal statutes: 7 U.S.C. Sec. 192; 7 U.S.C. Sec. 270; 21 U.S.C. Sec. 331; and 21 U.S.C. Sec. 610. The plaintiffs have failed to state a claim upon which relief can be granted under any of these statutes.

(a) Packers and Stockyards Act, 7 U.S.C. Sec. 181 *et seq.*

Plaintiffs have alleged that various defendants engaged in "an unfair and knowingly deceptive scheme to defraud plaintiffs" in violation of 7 U.S.C. Sec. 192(a) in that the defendants purportedly knew that the hams they sold to plaintiffs were "off-condition."

The Packers and Stockyards Act, 7 U.S.C. Sec. 181 *et seq.*, is a statute prohibiting a variety of unfair business practices which adversely affect competition. See *Bruhn's Freezer Meats v. United States Department of Agriculture,* 438 F.2d 1332, 1337–38 (8th Cir. 1971). As the Seventh Circuit Court of Appeals noted in *Armour and Company v. United States,* 402 F.2d 712, 720 (7th Cir. 1968):

> The legislative history of the Packers and Stockyards Act fully supports our conclusion that Section 202(a) [7 U.S.C. Sec. 192(a)] was not directed at this type of promotion unless there was some intent to eliminate competition or unless the effect of the promotion might lessen competition . . ..

> In turn, the House Committee said the legislation was aimed at halting "a general course of action *for the purpose of destroying competition.*"

Given the scope of this statute, the plaintiffs' allegations do not fall within its ambit. Further, the Packers and Stockyards Act does not create any private cause of action for civil damages. Rather, Section 193 of the Act provides that it is the Secretary of Agriculture who is the proper party to enforce the provisions of the Act, 7 U.S.C. Section 193(a).

Thus, the plaintiffs have failed to state a claim upon which relief can be granted under the Packers and Stockyards Act. For the purpose of that statute is to halt

unfair business practices which adversely affect competition, not shown here, and the proper party to enforce said statute is the Secretary of Agriculture.

(b) United States Warehouse Act.

Title 7, Sec. 241 *et seq.* of the United States Code is a regulatory statute which provides for the licensing of those public warehouses engaged in the storage of agricultural products. To enforce the provisions of the statute the Secretary of Agriculture is authorized to bring a penal action against the alleged violator. 7 U.S.C. Sec. 270.

Although the Act does provide that the owner of the agricultural products in question may be reimbursed from any fine imposed by a Court, the Act does not authorize a private party to bring a direct action. The aggrieved private party must bring the action through the Secretary of Agriculture. Accordingly, in the instant case, the plaintiffs were not authorized to sue under the United States Warehouse Act and those allegations relating to the Act must be dismissed.

(c) Federal Food, Drug and Cosmetic Act.

Although the Federal Food, Drug and Cosmetic Act does clearly prohibit the introduction of adulterated food into interstate commerce, 21 U.S.C. Sec. 331(a), the penalties for violations of said Act are penal in nature and do not include the awarding of civil damages, 21 U.S.C. Sec. 335. In addition, Section 337 of the Act provides that:

All such proceedings for the enforcement, or to restrain violations of this chapter shall be by and in the name of the United States.

Thus, the statute does not provide a cause of action for private parties suing for civil damages, and those allegations relating to the Federal Food, Drug and Cosmetic Act must also be dismissed.

(d) Federal Meat Inspection Act.

Plaintiffs also allege that the actions of various defendants constituted violations of the Federal Meat Inspection Act, 21 U.S.C. Sec. 601, *et seq.*, and are suing for money damages thereunder.

The Federal Meat Inspection Act has as its stated purpose, the enforcement of standards of sanitation throughout meatpacking plants. *Cudahy Packing Co. v. McBride,* 92 F.2d 737 (C.A. 8 1937). Toward this end Congress has vested the Secretary of Agriculture with powers of inspection. *Brougham v. Blanton Mfg. Co.,* 249 U.S. 495, 39 S.Ct. 363, 63 L.Ed. 725 (1919).

In the instant case plaintiffs, as private individuals, have brought suit for money damages. This Act makes no such provision for suits by private individuals. In addition, 21 U.S.C. Sec. 676 provides for imprisonment and fine but not for the award of civil damages.

Plaintiffs seek to sue under each of the aforementioned statutes on the theory that this Court should imply a civil remedy so that they might recoup their losses. In support of their position plaintiffs cite the case of *Goodman v. Hentz & Company,* 265 F.Supp. 440 (N.D.Ill.1967) where Judge Napoli permitted a private action under the Commodity Exchange Act, 7 U.S.C. Sec. 1, *et seq.*

In *Goodman* the Court found that the interest invaded was one which the statute was intended to protect. The injury complained of in this case is not similar to those the statutes were designed to protect.

The statutes under which the plaintiffs have brought this suit are regulatory in character and Congress has vested the power to enforce this regulatory scheme in the government, not private individuals. The Packers and Stockyards Act specifically provides that it is the Secretary of Agriculture who is the proper party to enforce the provision of Title 7 U.S.C. Sec. 192. Likewise, in the United States Warehouse Act it is the Secretary of Agriculture who is to enforce the provisions of the Act. 7 U.S.C. Sec. 241.

The Federal Meat Inspection Act provides for fines and sets forth that suits

under the Act shall be commenced "of and in the name of the United States." 21 U.S.C. Sections 676, 673. In the Federal Food, Drug and Cosmetic Act it is the Secretary of Health, Education and Welfare whom Congress has chosen to enforce the provisions of the Act.

None of these statutes creates a private cause of action for money damages. Neither the legislative intent nor the statutory purpose of these Acts justify a reading that a private cause of action for the type of actions alleged in the Complaint exists or should exist.

Through the enactment of the aforementioned statutes Congress established a licensing and regulatory system for the packing, storage and distribution of meat. Congress could have vested powers of enforcement in the private sector but chose, instead, to place such enforcement powers in the Secretary of Agriculture and the Secretary of Health, Education and Welfare.

The Court finds that the legislative intent behind enactment of these statutes was to regulate the packing, storage and distribution of meat and not to create a federal cause of action for a breach of contract simply because a defense to said contract was that the product was purportedly "off-condition" meat.

In *Cross v. Board of Sup'rs of San Mateo,* 326 F.Supp. 634 (N.D.Cal.1968) the Court rejected the plaintiff's argument that a private cause of action existed under various federal statutes including the Federal Food, Drug and Cosmetic Act.

Further, in *Clairol Inc. v. Suburban Cosmetic and Beauty Supply, Inc.,* 278 F.Supp. 859 (N.D.Ill.1968—a case decided subsequent to the *Goodman* case, *supra,*—Judge Will was again confronted with the argument that a private party could maintain an action for damages under the Federal Food, Drug and Cosmetic Act. In rejecting this argument, Judge Will noted: *

The amended complaint may also be read as charging a violation of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301 *et seq.* The Act prohibits various acts regarding the manufacture, distribution and labeling of any food, drug, device or cosmetic. 21 U.S.C. § 331. Here too, Congress has established the procedural means through which the Secretary of Health, Education and Welfare may enforce the provisions of the Act. It is further provided in this Act that 'proceedings for the enforcement, or to restrain violations of this chapter shall be by and in the name of the United States.' 21 U.S.C. § 337. Here too, the mere allegation that this Act has been violated is not a statement of a claim for relief in favor of a private individual. *Clairol, Inc. v. Suburban Cosmetic and Beauty Supply, Inc.,* 278 F.Supp. 859 (N.D.Ill. 1968).

Likewise, Congress has established procedural means through which the Secretary of Agriculture may enforce the provisions of the Packers and Stockyards Act, the United States Warehouse Act, and the Federal Meat Inspection Act. These statutes set forth comprehensive methods of enforcement similar to the Federal Food, Drug and Cosmetic Act.

Accordingly, this Court will not imply a private action under these regulatory statutes and the plaintiffs' allegations relating to their private claim for damages under these statutes must be dismissed.

## II

## ABSENCE OF DIVERSITY JURISDICTION

The remaining counts of plaintiffs' Complaint—Counts III, IV and V—allege a cause of action under the Uniform Commercial Code. The alleged basis of jurisdiction for these counts is diversity of citizenship, 28 U.S.C. Sec. 1332.

---

* "Erratum: The following quotation is taken from *Cross v. Board of Sup'rs of San Mateo,* 326 F.Supp. 634 at 638 (N.D.Cal.1968).

In order to maintain a diversity action, diversity of citizenship must be complete between the plaintiffs and all defendants. *Campbell v. Triangle Corp.,* 336 F.Supp. 1002 (D.C.Pa.1972); *Harker v. Kopp,* 172 F.Supp. 180 (N.D.Ill.1959).

Section 1332(c) of Title 28 of the United States Code provides:

> For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.

In the instant suit plaintiffs are residents and citizens of the State of Illinois. The defendants, as corporations, are citizens both of the state of incorporation and the state where the corporation's principal place of business is located. 28 U.S.C. Sec. 1332(c).

The defendant, Federal Cold Storage Warehouses, is a division of City Products Corporation which, although incorporated under the laws of the State of Ohio, is alleged to have its principal place of business in the State of Illinois. Plaintiffs have raised factual issues and seek discovery on whether the principal place of business of City Products Corporation is in Illinois as alleged in defendants' motion, and what the nature of the relationship is between Federal Cold Storage Warehouses and City Products Corporation.

These factual issues are to be determined on a case-by-case basis through review of the corporation's total business activity and the relationship between the two companies involved herein. See *Herschel v. Eastern Airlines,* 216 F.Supp. 347 (D.C.N.Y.1963); and *Egan v. American Airlines,* 211 F.Supp. 292 (D.C.N.Y.1962).

If the principal place of business of City Products Corporation is in the State of Illinois and if the citizenship of City Products is properly attributable to Federal Cold Storage Warehouses, then those counts based on diversity jurisdiction (Counts III, IV and V) must be dismissed for lack of the requisite complete diversity. Since there are factual issues outstanding relating to this Court's jurisdiction over the instant cause, defendant's motion to dismiss Counts III, IV and V of the Complaint for want of jurisdiction is deferred, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, for thirty days from this date for the limited purpose of permitting discovery on those facts. Leave is granted defendants to renew said motion at that time. All other motions will be continued until a determination is made on this threshold question of jurisdiction.

Accordingly, defendants' motion to dismiss Counts I and II of the Complaint for failure to state a claim upon which relief can be granted is hereby granted. Defendants' motion to dismiss Counts III, IV and V of the Complaint is deferred until discovery can be conducted on the factual issues relating to jurisdiction.

/s/ William J. Lynch
　　Judge, United States District Court

Dated: Nov. 6, 1974