Karen KEIL, Plaintiff,

v.

ELI LILLY AND COMPANY, a Foreign Corporation, Defendant.

Civ. A. No. 75–70097.

United States District Court, E. D. Michigan, S. D.

June 9, 1980.

**480**

Lawrence S. Charfoos, Charfoos & Charfoos, P.C., Detroit, Mich., for plaintiff.

John Scott, Dickinson, Wright, McKean, Cudlip & Moon, Detroit, Mich., Lane Bauer, Shook, Hardy & Bacon, Kansas City, Mo., for defendant.

## ORDER

JOINER, District Judge.

In this product liability action, plaintiff alleges that defendant was negligent and breached certain warranties in connection with the manufacture and sale of defendant's product, diethystilbestrol. As a part of the same count, plaintiff alleges that defendant failed to adequately and properly place warning labels on its product, and thus violated the Food, Drug and Cosmetic Act by misbranding the drug. As a proximate cause of defendant's asserted negligence, breach of warranties, and violation of the statute, plaintiff alleges that she has sustained certain injuries.

This case is before the court on defendant's motion to dismiss plaintiff's allegation of a violation of the federal Food, Drug and Cosmetic Act for failure to state a claim on which relief can be granted, under F.R.C.P. 12(b)(6). For the following reasons, defendant's motion is granted.

■ The law is clear that there is no private cause of action under the Food, Drug and Cosmetic Act, 21 U.S.C. § 301 *et seq.* See, e.g., *Pacific Trading Co. v. Wilson & Co.*, 547 F.2d 367 (7th Cir.1976); *Orthopedic Equipment Co. v. Eustler*, 276 F.2d 455 (4th Cir.1960); *Gelley v. Astra Pharmaceutical Products, Inc.*, 466 F.Supp. 182 (D. Minn.1979); *Florida v. Eli Lilly & Co.*, 329 F.Supp. 364 (S.D. Fla.1971); *Cross v. Bd. of Supervisors of San Mateo County*, 326 F.Supp. 634 (N.D. Cal.1968), aff'd 442 F.2d 362 (9th Cir.1971); *Clairol, Inc. v. Suburban Cosmetics & Beauty Supply, Inc.*, 278 F.Supp. 859 (N.D. Ill.1968).

■ Nonetheless, under Michigan's common law of negligence, a violation of a penal statute does give rise to a rebuttable presumption of negligence. Upon proof of a violation, the plaintiff is deemed to have established a *prima facie* case of negligence, and it is then up to the defendant to provide proof of a legally cognizable excuse in order to rebut the presumption of negligence. *Zeni v. Anderson*, 397 Mich. 117, 243 N.W.2d 270 (1976). This common law doctrine is of no avail to plaintiff, however, because the recently enacted product liability statute in Michigan requires that plaintiff prove her *prima facie* case without the benefit of any presumption.[1] M.C.L.A. § 600.5805 provides in relevant part:

> [I]n the case of a product which has been in use for not less than 10 years, the plaintiff, in proving a prima facie case, shall be required to do so without benefit of any presumption.

This case is a product liability action to which the statute applies. M.C.L.A. § 600.-2945. Additionally, the product which is claimed to have caused plaintiff's injury has been in use for more than 10 years. Accordingly, plaintiff must prove her *prima facie* case without the benefit of the presumption of negligence which arises upon proof of a violation of a penal statute.

For the foregoing reasons, defendant's motion to dismiss the allegation of its violation of the Food, Drug and Cosmetic Act

---

1. The statute became effective December 13, 1978. It has been held to have retroactive application. *Jorae v. Clinton Crop Service*, D.C., 465 F.Supp. 952. The facts in this case indicate a stronger case for retroactive application of this particular section of the Act, for it deals with the method of proof. Clearly the legislature did not intend that this section of the Act wait 10 years to be made effective.

for failure to state claim on which relief can be granted is granted.

So ordered.