MARIO'S BUTCHER SHOP AND FOOD CENTER, INC., an Illinois Corporation; and Mario Lettieri, individually and on behalf of all persons similarly situated, Plaintiffs,

v.

ARMOUR AND COMPANY, an Arizona Corporation, Worthington Packing Company, an Ohio Corporation, and Swift Independent Packing Company, a Delaware Corporation, individually and against all persons similarly situated, Defendants.

No. 83 C 2615.

United States District Court, N.D. Illinois, E.D.

Nov. 29, 1983.

Timothy H. Okal, Anthony F. Spina, P.C., Elmwood Park, Ill., for plaintiffs.

John F. Lemker, Steven M. Kowal, Burditt & Calkins, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

The plaintiffs brought the instant case in the Circuit Court of Cook County against Armour, Worthington, and Swift alleging that the defendants packaged and sold hog intestines as pork chitterlings, which plaintiffs purchased, in containers which were labeled as containing ten pounds of meat but which, in fact, contained a lesser quantity of meat. The two-count complaint charges that in so doing, defendants have violated the Consumer Fraud and Deceptive Practices Act, Ill.Rev.Stat. ch. 121½, ¶ 261 et seq. (1981), and the Uniform Deceptive Trade Practices Act, Ill.Rev.Stat. ch. 121½, ¶ 311, et seq. (1981). The cause was removed to this Court by defendants. 28 U.S.C. 1441. Presently before the Court is the defendants' Motion to Dismiss for failure to state a claim. For the reasons stated herein, the Motion to Dismiss is denied.

Jurisdiction over the instant matter is properly based on diversity of citizenship between the parties. 28 U.S.C. § 1332. The amount in controversy exceeds the jurisdictional minimum.

In their Motion to Dismiss, defendants contend that the state statutes under which plaintiff has sued cannot be applied to the case at bar since federal law has preempted the field of the regulation of meat in the Federal Meat Inspection Act as amended by the Wholesome Meat Act (hereinafter referred to as "the Act"). 21 U.S.C. § 601 et seq. Further, defendant contends that even if plaintiffs sought to pursue the instant matter under federal law, it would be powerless to do so as no private right of action exists under the Act.

It is the considered opinion of this Court that defendant is correct in its assertion that no private right of action exists under the Act. However, for the reasons set out herein, plaintiff may bring suit under the Consumer Fraud and Deceptive Practices Act, Ill.Rev.Stat. ch. 121½, ¶ 261 et seq. (1981) and the Uniform Deceptive Trade Practices Act, Ill.Rev.Stat. ch. 121½, ¶ 311 et seq. (1981). In so doing, however, the standards which shall be applied are those set out by federal law.

### I. The Private Right of Action

■ It is plainly the law of this Circuit that no private right of action exists under the Act. In *Pacific Trading Company v. Wilson & Co., Inc.*, 547 F.2d 367 (7th Cir. 1976), the Seventh Circuit upheld the district court in concluding that no private right of action exists under federal law in this area. The Court based its conclusion on the rationale set out by District Judge Lynch whose opinion was appended to the Seventh Circuit's decision. According to Judge Lynch,

> The Federal Meat Inspection Act has as its stated purpose, the enforcement of standards throughout meat packing plants. *Cudahy Packing Co. v. McBride*, 92 F.2d 737 (8th Cir.1937). Toward this end Congress has vested the Secretary of Agriculture with powers of inspection. *Brougham v. Blanton Mfg. Co.*, 249 U.S. 495, 39 S.Ct. 363, 63 L.Ed. 725 (1919).
>
> In the instant case plaintiffs, as private individuals, have brought suit for money damages. This Act makes no such provision for suits by private individuals. In addition, 21 U.S.C. Sec. 676 provides for imprisonment and fine but not for the award of civil damages...
>
> The statutes under which the plaintiffs have brought this suit are regulatory in character and Congress has vested the power to enforce this regulatory scheme

in the government, not private individuals.

547 F.2d 367, 370 app. (7th Cir.1976).

From the foregoing there can be no dispute that plaintiffs could not have brought the instant suit under the Act. They are not, however, without remedy as the instant suit could be, and indeed was, properly brought under state law.

## II. *Federal Preemption of the Field*

While the state laws sued under create general causes of action for fraud and deception, the federal and state statutes here under consideration are quite explicit in explaining the effect of conflicting or additional authority. According to Section 678 of the Act,

> Requirements within the scope of this chapter with respect to premises, facilities and operations of any establishment at which inspection is provided under subchapter I of this chapter, *which are in addition to or different than* those made under this chapter may not be imposed by any State or Territory of the District of Columbia ... Marking, labeling, packaging, or ingredient requirements *in addition to or different than* those made under this chapter may not be imposed by any State or Territory or the District of Columbia with respect to articles prepared at any establishment under inspection in accordance with the requirements under subchapter I of this chapter... This chapter shall not preclude any State or Territory or the District of Columbia from making requirement [sic] or taking other action, consistent with this chapter, with respect to any other matters regulated under this chapter. [emphasis added]

21 U.S.C. § 678.

Similarly, Section 270b(1) of the Consumer Fraud and Deceptive Practices Act specifically excludes from liability under that act "actions or transactions specifically authorized by laws administered by any regulatory body or offices acting under statutory authority of this State or the United States." Ill.Rev.Stat. ch. 121½, ¶ 270b(1) (1981). Likewise, the Illinois Uniform De-

ceptive Trade Practices Act first describes conduct considered to be a deceptive trade practice, then qualifies the statute with a caveat that the act does not apply to "(1) conduct in compliance with the orders or rules of or a statute administered by a Federal, State or local governmental agency..." Ill.Rev.Stat. ch. 121½, ¶ 314(1) (1981).

Finally, the State of Illinois, recognizing the need for uniformity in the field, specifically deferred to the federal authorities in establishing regulations for the inspection of meat processing establishments such as those which produced the chitterlings the weight of which is here at issue. Section 6 of the Illinois Meat and Poultry Act provides:

> Recognition of Federal Inspection. The provisions of this Act shall not apply to establishments, which operate subject to the Federal Meat Inspection Act of March 4, 1907, as amended...

Ill.Rev.Stat. ch. 56½, ¶ 306 (1981).

Viewed together, the above provisions reveal that a state is clearly authorized to enact laws aimed at protecting the health and well being of its citizenry, but that such laws may not impose different or additional affirmative requirements upon the product. Further, in Illinois, it is clear that compliance with federal rules and regulations in this regard shall be deemed sufficient compliance with state law. Such compliance is therefore a valid defense to complaints brought under the various statutes discussed herein.

The Court's reading of the law is supported by case law. In *Jones v. Rath Packing Company*, 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977), the Supreme Court struck down a California regulatory scheme which used a statistical sampling process to determine the average net weight of a quantity of bacon that failed to allow for the loss of weight resulting from moisture loss during distribution. The California statute was at odds with federal regulations which specifically do take moisture loss into account in prescribing allowa-

ble weighing procedures. The state statute was therefore "in addition to or different than" the federal requirements and thus impermissible. 21 U.S.C. § 678.

In *Rath*, minimum compliance with federal law would have resulted in noncompliance with the California provision since the California provision imposed regulatory burdens on the product in excess of the federal statute. By contrast, in the case at bar, there is no contention that minimum compliance with federal weighing regulations could nevertheless result in defendants' noncompliance with state law; indeed the opposite is true as the applicable statutes specify that no liability may be found where the product complies with federal regulations. *See also, Chicago-Midwest Meat Association v. City of Evanston*, 589 F.2d 278 (7th Cir.1978) (municipal ordinance upheld providing for inspection of vehicles delivering federally inspected meat); *American Meat Institute v. Ball*, 520 F.Supp. 929 (W.D.Mich.1981) (summary judgment denied on whether Michigan could enact requirement of placard containing specified information at point of sale).

Clearly, in light of the foregoing, the instant case may properly be brought under state law. The only question remaining is whether, under the requirements of notice pleading, plaintiffs have stated a claim upon which relief can be based.

▪ The state statutes here sued under are general provisions creating a cause of action for unfair competition or unfair or deceptive acts or practices, Ill.Rev.Stat. ch. 121½, ¶ 262 (1981), and for deceptive trade practices. Ill.Rev.Stat. ch., 121½, ¶ 312 (1981). However, since these statutes provide for incorporation of federal regulations and standards, such standards must be considered in determining whether the instant complaint sets out a claim.

▪ The applicable implementing regulations may be found at 9 C.F.R. § 301 *et seq.* Of greatest importance in the case at bar is 9 C.F.R. § 317.2(b) which sets forth the requirements for quantity declarations. The complaint in the case at bar makes no

mention of those regulations or of how defendants failed to comply therewith. Indeed, the complaint fails to even set out the exact variance between the actual and the stated weights of the chitterlings. It may be that the claimed variance is within federal limits, thus necessitating judgment on the pleadings or summary judgment for defendants; however, in the absence of a recitation of the actual claimed weight of the chitterlings, such a determination could never be made. In short, without an allegation of the actual variance between the actual weight and the claimed weight, it would be impossible to determine whether federal law has been complied with and thus whether a claim has been stated under the provisions of the Consumer Fraud and Deceptive Practices Act or the Uniform Deceptive Trade Practices Act.

### Conclusion

For the reasons stated herein, the Court holds that no private right of action exists under the Federal Meat Inspection Act as amended by the Wholesome Meat Act, 21 U.S.C. § 601 *et seq.*, but that the standards and regulations enacted therein may properly be applied to a lawsuit brought under Illinois law as enacted in the Consumer Fraud and Deceptive Practices Act, Ill.Rev. Stat. ch. 121½, ¶ 261 *et seq.* (1981) and the Uniform Deceptive Trade Practices Act. Ill.Rev.Stat. ch. 121½, ¶ 311 *et seq.* (1981). Because plaintiffs' complaint is wholly devoid of allegations concerning noncompliance with the federal standards including specific statements regarding the variance between the claimed weight and the actual weight as computed under the federal regulations, plaintiffs' complaint is hereby dismissed without prejudice with leave given to amend such complaint within 30 days of this order.

IT IS SO ORDERED.