48 F.3d 965
 63 USLW 2608
 Mary Ruth BAILEY, Personal Representative of the Estate of
Howard A. Bailey; Ruby H. Bailey; James Howard
Bailey, Plaintiffs-Appellees,
v.
Dan JOHNSON; Charles W. Chadwell; William R. Stanifer,
Jr.; Dr. William N. Smith; Cunningham Drug
Company, Defendants-Appellants.
 No. 93-6343.
 United States Court of Appeals,
Sixth Circuit.
 Argued Nov. 17, 1994.
Decided March 6, 1995.
 
 J. Mikel Dixon (argued and briefed), Knoxville, TN, for plaintiffs-appellees.
 Jay Arthur Garrison (argued and briefed), Kennerly, Montgomery & Finley, Knoxville, TN, for defendants-appellants.
 Before: ENGEL, MARTIN, and BOGGS, Circuit Judges.
 ENGEL, Circuit Judge.
 
 
 1
 This case squarely presents a question which this circuit has in the past left undecided: whether the federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. Sec. 301 et seq., impliedly provides a private cause of action for individuals harmed by violation of the FDCA. The defendants bring this interlocutory appeal of the district court's denial of their motion to dismiss for lack of federal jurisdiction. Because we conclude that Congress did not intend to create a private cause of action when it enacted the FDCA, we reverse.
 
 
 2
 Plaintiffs initiated this action in the district court upon the jurisdictional premise that the FDCA created a private, federal right of action. Mary Ruth Bailey ("Bailey") is the personal representative and administratrix for Howard Bailey, who died as a result of a toxic reaction to a drug refilled for him without a prescription. The FDCA requires that the drug in question be dispensed only with a valid prescription. 21 U.S.C. Sec. 353(b)(1). Bailey sued under the FDCA and state statutes, claiming that had the defendants obeyed the FDCA, the drug would not have killed Mr. Bailey. Had he gone to a doctor to get a refill prescription, argue the plaintiffs, the doctor would have performed a blood test, discovered the reaction, and taken him off the drug before it became lethal to him. Defendants moved to dismiss the case, contending that the FDCA does not create a private cause of action and that the case offered no other basis for federal jurisdiction. The district court denied the defendants' motion, but, recognizing the importance of this threshold issue, it certified the case for immediate appeal under 28 U.S.C. Sec. 1292(b). This court granted the defendants' petition for leave to appeal. Bailey, et al. v. Johnson, et al., No. 938524, slip op. at 1 (6th Cir. Oct. 19, 1993).
 
 
 3
 The FDCA does not explicitly create a private cause of action, so we must determine whether such a cause of action should be implied. The Supreme Court has addressed federal question jurisdiction in a suit involving the FDCA, but the Court did not consider whether the Act alone authorized the suit. In Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986), the Court clearly stated, "In this case, both parties agree with the Court of Appeals' conclusion that there is no federal cause of action for FDCA violations. For purposes of our decision, we assume that this is a correct interpretation of the FDCA." 478 U.S. at 810, 106 S.Ct. at 3233. The holding in Thompson was thus limited to deciding whether violation of FDCA standards, as an element of a state-based cause of action, sufficed to confer federal-question jurisdiction.
 
 
 4
 Bailey argues that a case from this circuit, In re Bendectin Litigation, 857 F.2d 290 (6th Cir.1988), cert. denied, 488 U.S. 1006, 109 S.Ct. 788, 102 L.Ed.2d 779 (1989), established a private right of action under the FDCA. In that case, however, this court faced the unusual situation of a plaintiff, after losing in a jury trial, contesting the court's jurisdiction on appeal. In that situation, the court sought and found minimal federal jurisdiction sufficient to uphold the verdict already handed down.
 
 
 5
 [A]ll Ohio plaintiffs who originally filed their actions in federal court intended to invoke federal question jurisdiction based, at least in part, on an implied cause of action under the FDCA. It is also evident that under existing case law a sufficient basis for section 1331 jurisdiction existed to make binding on those plaintiffs the adverse verdict which actually resulted.
 
 
 6
 857 F.2d at 300. However, the problem presented by that case is quite different from this one, where defendants have properly challenged the sole basis of the plaintiff's federal claim at the outset of litigation. In Bendectin Litigation, this court left open whether the FDCA permitted private actions: "Until this court or the Supreme Court holds that there is no implied private right of action under the FDCA, the opposite position cannot be deemed either frivolous or unsubstantial." 857 F.2d at 300.
 
 
 7
 While the question remains unresolved in this circuit, other courts have answered it by denying the private cause of action. See Pacific Trading Co. v. Wilson and Co., 547 F.2d 367, 370-71 (7th Cir.1976); Griffin v. O'Neal, Jones and Feldman, Inc., 604 F.Supp. 717 (S.D. Ohio 1985); Keil v. Eli Lilly & Co., 490 F.Supp. 479, 480 (E.D.Mich.1980); National Women's Health Network, Inc. v. A. H. Robins Co., 545 F.Supp. 1177 (D. Mass.1982); American Home Products Corp. v. Johnson and Johnson, 436 F.Supp. 785, 791 (S.D.N.Y.1977), aff'd, 577 F.2d 160 (2d Cir.1978); Clairol, Inc. v. Suburban Cosmetics and Beauty Supply, Inc., 278 F.Supp. 859, 860-61 (N.D. Ill.1968). No federal court has resolved this question in favor of the plaintiff's claim. The facts in these cases vary widely, but Bailey's attempt to distinguish them on their facts is fruitless; each case involves a private claim based on the FDCA, and each court denies that the FDCA permits the claim. Nor is Bailey's argument advanced by her distinction that most product liability cases under the FDCA concern dangerous drugs, while hers addresses the misbehavior of a druggist. Bailey offers no rationale for permitting a claim under certain factual situations but not others, nor in targeting the druggist rather than the drug.
 
 
 8
 One of the district court cases, National Women's Health Network, 545 F.Supp. 1177 (D. Mass.1982), offers a compelling analysis of the FDCA and its legislative history.
 
 
 9
 [T]he language of the Act and its legislative history clearly evidence Congress' intent that it should be enforced only by the government. Section 337 requires that "(a)ll such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States,"[1] thereby precluding a private right of action.... Section 337 concludes a subchapter of the Act entitled "Prohibited Acts and Penalties" which sets out the basic mechanisms for enforcing the Act, not merely "a particular type of equitable proceedings." Therefore, the section must be construed to refer to the enforcement power generally, rather than some limited aspect of that power. In Sec. 337 Congress established that the Act would be enforced publicly, as indeed it has been without exception during the ensuing 44 years.
 
 
 10
 The legislative history of the FDCA further undermines plaintiffs' position. Prior to passage of the Act, Congress considered and rejected a version which would have allowed a private right of action for damages. See Hearings on S.1944 (Subcommittee of Committee on Commerce) 73d Cong., 2d Sess.....
 
 
 11
 The subsequent history of the Act is consistent with this thesis. In 1976, partially in response to the problems associated with the Dalkon Shield, Congress amended the FDCA to increase the powers of the Secretary of the Food and Drug Administration in regulating medical devices. See 1976 USCCAN 1070, 1071.... In its report on the bill, the Senate Labor and Public Welfare Committee indicated that "the Secretary should have considerable discretion in determining whether or not users of devices must be notified of defects in any given case." 1976 USCCAN 1086. Such discretion, of course, would be eliminated by the private right of action sought by plaintiffs. As a result, the major advantages of enforcement through the Secretary would be lost, including expertise, ability to solicit comment from appropriate sources, direct representation of the public interest, and a unitary enforcement policy.
 
 
 12
 545 F.Supp. at 1179-80. While Bailey offers more recent Congressional findings that indicate a concern for American consumers, nothing in those findings suggests an intent to grant consumers a private claim under the Act.
 
 
 13
 The Supreme Court once used the test provided in Cort v. Ash, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087-88, 45 L.Ed.2d 26 (1975), to determine whether a statute impliedly created a private right of action, but "the test in Cort v. Ash ... has been at least modified and is most appropriately described now as 'whether Congress intended to create, either expressly or by implication, a private cause of action.' Touche Ross & Co. v. Redington, 442 U.S. 560, 575, 99 S.Ct. 2479, 2489, 61 L.Ed.2d 82 (1979)." Howard v. Pierce, 738 F.2d 722, 731 (6th Cir.1984) (Engel, J., dissenting). Considering the FDCA's legislative history as set out above, we are compelled to conclude that Congress did not intend, either expressly or by implication, to create a private cause of action under the FDCA.
 
 
 14
 Bailey also suggests other bases for federal jurisdiction over her claim. She argues first that her state-law claim involves a federal question because it turns upon the application of federal law. Her state-law claim rests on Tennessee Code Annotated Sec. 53-10-101, which defines a legend drug as "[a]ny item which federal law prohibits dispensing without a prescription from a licensed doctor, dentist or veterinarian." Another section, T.C.A. Sec. 53-10-104, prohibits and punishes any distribution of such drugs without a prescription. Bailey admits, however, that the federal law need not be interpreted, because the state statute simply incorporates the federal list of drugs. When federal law plays so minor a role, it does not suffice to establish federal jurisdiction. "[A]nother facet of the well-pleaded complaint rule is that merely naming a federal statute in a complaint will not confer federal jurisdiction if the only relief the plaintiff actually wants is based on state rather than federal law.... In such a case the invocation of federal-question jurisdiction is in bad faith and must fail." Saturday Evening Post Co. v. Rumbleseat Press, Inc., 816 F.2d 1191, 1195 (7th Cir.1987) (citations omitted).
 
 
 15
 Second, Bailey urges this court to accept pendent jurisdiction over her state claims. It seems, however, that Bailey has misunderstood the nature of pendent jurisdiction. She cites an Annotation entitled, "May Federal court, acquiring jurisdiction because of Federal question but deciding such question adversely to party invoking jurisdiction, decide non-Federal questions?" 12 A.L.R.2d 695. The Annotation offers no support for her case, where without her FDCA claim, she lacks any federal question jurisdiction at all. We have not decided her FDCA claim adversely to her; rather, we have held that she may not bring the claim. Pendent jurisdiction requires some federal question to which the court may append any state claims, and Bailey offers no such federal question.
 
 
 16
 For the foregoing reasons, we find that the district court lacks federal jurisdiction over the plaintiff's claim. Accordingly, we REVERSE and REMAND to the district court with directions that it dismiss the claim.
 
 
 
 [1]
 In 1990, Congress amended Sec. 337 to allow actions by "[a] State ... in its own name and within its jurisdiction" under certain sections of the FDCA dealing with food, with notice to the Secretary first. 21 U.S.C. Sec. 337(b) (1994). It made no change respecting private actions