**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 8 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STEVEN R. MUELLER,

      Plaintiff-Appellant,

v.

JEANNIE WARK, ROBERT
HAINLINE, DENNIS MALLOT,
BILL FINKE, MARILYN SCAFE,
KANSAS PAROLE BOARD, THE
STATE OF KANSAS, NAVONNE
EASTER, KEN REIN, JOHN LAMB,
CHARLES E. SIMMONS, MICAH
A. ROSS, KANSAS DEPARTMENT
OF CORRECTIONS,

      Defendants-Appellees.

No. 97-3348
(D.C. No. 96-3346-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT** [*]

---

Before **ANDERSON** , **BARRETT** , and **TACHA** , Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals from the dismissal, without prejudice, of his civil rights complaint prior to service. He also appeals from the denial of his motion to amend the complaint to cure the identified deficiencies. We review the dismissal de novo, see Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 944 (10th Cir. 1995), the denial of amendment for abuse of discretion, see Manning v. United States, 146 F.3d 808, 812 (10th Cir. 1998), and affirm.

Seeking damages and declaratory relief under 42 U.S.C. § 1983 and several tort theories, plaintiff pleaded numerous objections to state procedures which had led to the revocation of his parole. The district court reviewed the complaint and concluded that it ran afoul of the principles set forth in Heck v. Humphrey, 512 U.S. 477 (1994):

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider

whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnote omitted). These principles also apply "to proceedings that call into question the fact or duration of parole," Crow v. Penry , 102 F.3d 1086, 1087 (10th Cir. 1996), whether damages or declaratory relief is sought, see White v. Gittens , 121 F.3d 803, 807 n.3 (1st Cir. 1997).

We agree with the district court that "plaintiff's allegations of error [in his parole revocation proceedings] would implicate the validity of his continued confinement," and, thus, his § 1983 claims must be dismissed under Heck.[1] District Court Order filed Nov. 4, 1996. While some claims are nominally directed at events other than the ultimate decision to revoke parole, all implicate the validity of that decision. For example, plaintiff objects to his arrest and detention for parole violation, but his objection--that his infraction was minor, mistaken, or excusable--clearly also calls into question the decision finding and disciplining that infraction. Likewise, claims of mishandling exculpatory and inculpatory evidence, improper ex parte communications, and various due process

[1] Since plaintiff's § 1983 claims are not cognizable and, thus, could not support federal court jurisdiction, see White , 121 F.3d at 806 n.2, his pendent state claims also had to be dismissed, for lack of supplemental jurisdiction. See Nowak v. Ironworkers Local 6 Pension Fund , 81 F.3d 1182, 1188 (2d Cir. 1996); Bailey v. Johnson , 48 F.3d 965, 968 (6th Cir. 1995); see also Alexander v. Anheuser-Busch Cos. , 990 F.2d 536, 540 (10th Cir. 1993).

violations are all, in substance, challenges to the evidentiary basis and procedure underlying and leading to the revocation of parole. Finally, the complaint contains one allegation alluding to additional, apparently unrelated constitutional violations regarding "conditions of confinement" and "deliberate indifference," but this is done in such a generalized and conclusory fashion that no claim for relief is even remotely stated.

Plaintiff's motion to amend did not cure the deficiencies. His response to the application of Heck just reflected his continued misunderstanding of the focus of that case, which is on the legal implications of the objections raised, not the relief sought, in the § 1983 action. As for the nebulous prison-condition claims, he offered only the bald assurance that the "amended complaint will contain a proper presentation of those claims," without any factual detail or explanation as to how, or even if, this could be done. Memorandum Brief in Support of Motion to Amend Judgment and Complaint at 12-13. Further, he admitted "inclusion of these claims will necessarily require the addition of newly named defendants," id. at 12, conceded he "would quite naturally not seek relation back [of] these newly defined claims for relief," id., and stated "no statute of limitations problems exist for these claims," id. at 13. In short, he essentially assured the court there was no legal or practical necessity to interject these claims, whatever they might be, into this already terminated litigation. Under the circumstances, the district court did

not abuse its discretion in refusing to vacate its prior judgment to permit the proposed, but still unseen and unspecified, amendment.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court


Deanell Reece Tacha
Circuit Judge