David F. ALEXANDER,
Plaintiff–Appellant,

v.

ANHEUSER–BUSCH COMPANIES, INC.; Anheuser–Busch Long Term Disability Income Insurance Plan, Defendants–Appellees.

No. 92–6039.

United States Court of Appeals,
Tenth Circuit.

April 1, 1993.

---

Earl H. Remmel, Oklahoma City, OK, for plaintiff-appellant.

Ronald E. Manthey and Laurie R. Jones, of Littler, Mendelson, Fastiff & Tichy, Dallas, TX, for defendants-appellees.

Before TACHA and BALDOCK, Circuit Judges, and BROWN,[*] Senior District Judge.

WESLEY E. BROWN, Senior District Judge.

Plaintiff-appellant David F. Alexander appeals the district court's entry of judgment in favor of Anheuser–Busch Companies, Inc. (Anheuser–Busch), and Anheuser–Busch Long Term Disability Income Insurance Plan (Plan), denying his claims brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 (ERISA). He also appeals the dismissal of his state law claim for breach of the covenant of good faith and fair dealing in an insurance contract. Because we hold that the district court lacked jurisdiction to decide Alexander's claims, we vacate the judgment and remand with directions to dismiss the complaint.[1]

Alexander was employed as a plant supervisor for a wholly owned subsidiary of Anheuser–Busch from July 1982 until March 1989. Alexander was diagnosed with coronary heart disease in 1985, underwent triple bypass surgery in 1986, was diagnosed with kidney disease in 1986 and diabetes in 1987, and was hospitalized for diabetes mellitus in May 1988. Because of his poor health, Alexander was not able to obtain long-term disability insurance.

On June 6, 1988, Anheuser–Busch sent a letter to all employees not currently enrolled in a long-term disability plan, announcing the opportunity to join a new plan. The letter explained that coverage might be limited during the first twelve months for certain conditions, stating "[b]enefits are unavailable for disabilities occurring during the first twelve months of coverage caused by a condition that developed within a three month period prior to the effective date of the new coverage." Appellant's App. at 101. The new plan

---

[*] Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

went into effect July 1, 1988. Because Alexander's conditions had developed more than three months prior to that date, he applied for coverage and began paying premiums.

Although the introductory letter mentioned that a summary plan description would follow, such description was not sent to employees until a year and a half later. The letter also directed participants to contact two named individuals if they had further questions. Alexander never contacted these individuals to determine whether his conditions were covered by the plan.

In March 1989, Alexander's physician recommended that he take medical leave due to his poor health. Alexander contacted the human resources director at his plant and requested a copy of the long-term disability insurance policy. The human resources director led Alexander to believe that the policy was unavailable because the language was not yet agreed upon. In fact, it was the summary plan description which had not yet been printed. The actual policy was available from the effective date of the plan.

Believing that his conditions were covered, Alexander took medical leave and applied for benefits. Alexander's claim was denied because his disability was caused by a preexisting condition, and because he was not sufficiently disabled. The policy defined "preexisting condition" as "a sickness or injury for which you received medical treatment, consultation, care or services including diagnostic measures, or had taken prescribed drugs or medicines in the three months prior to your effective date." *Id.* at 75. Because Alexander had been treated for diabetic kidney disease during this time period, his condition was excluded under the policy definition.

Alexander attempted to return to work but was not permitted to do so because he could not obtain a full medical release. Even after obtaining such a release in October 1989, Anheuser–Busch rejected his application on the ground that there were no positions available. Since then, Alexan-

der has worked as a cashier and an apprentice electrician's helper.

Alexander brought suit against Anheuser–Busch, as Plan administrator, and against the Plan itself, alleging several causes of action: (1) a state law claim for breach of the covenant of good faith and fair dealing in an insurance contract; (2) an action for benefits pursuant to ERISA, based on the employer's misrepresentations; and (3) an ERISA action for breach of fiduciary duty, based on the employer's misrepresentations and failure to provide information. The district court dismissed the state law claim, finding it preempted by ERISA. After trial, the court held in favor of Anheuser–Busch and the Plan on the ERISA claims, finding that Alexander's diabetic condition was preexisting and thus not covered by the long-term disability plan. This appeal followed.

■ In reviewing Alexander's ERISA claims, we raise, sua sponte, the question whether he has standing to bring such claims. The issue of standing is jurisdictional in nature. *Western Nuclear, Inc. v. Huffman*, 825 F.2d 1430, 1435 (10th Cir. 1987), *rev'd on other grounds*, 486 U.S. 663, 108 S.Ct. 2087, 100 L.Ed.2d 693 (1988); *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1294 (10th Cir.1980), *cert. denied*, 452 U.S. 963, 101 S.Ct. 3114, 69 L.Ed.2d 975 (1981). Whether or not raised by the parties, we are obligated to satisfy ourselves as to our own jurisdiction at every stage of the proceeding. *Western Nuclear*, 825 F.2d at 1434; *Citizens*, 628 F.2d at 1301; *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). This obligation extends to an examination of the district court's jurisdiction as well. *Id.*

■ Pursuant to 29 U.S.C. § 1132, a "participant" has standing to bring a civil action to enforce his rights under the terms of an ERISA plan or to enforce ERISA's provisions.[2] *Raymond v. Mobil Oil Corp.*,

---

2. The statute also authorizes a "beneficiary" to bring such an action. A beneficiary, who is

designated to receive benefits based on a participant's eligibility, is not at issue in this case.

983 F.2d 1528, 1532 (10th Cir.1993). To be a "participant," a plaintiff must either be (1) an employee in, or reasonably expected to be in, currently covered employment; (2) a former employee with a reasonable expectation of returning to covered employment; (3) a former employee with a colorable claim that he will prevail in a suit for benefits; or (4) a former employee with a colorable claim that eligibility requirements will be fulfilled in the future. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117–18, 109 S.Ct. 948, 957–58, 103 L.Ed.2d 80 (1989); *Raymond*, 983 F.2d at 1532–33; 29 U.S.C. § 1002(7).

■ Here, Alexander is no longer employed by Anheuser–Busch and does not appear to have a reasonable expectation of returning to such employment. The company has twice rejected his application to return, and his complaint does not request reinstatement. *See Mitchell v. Mobil Oil Corp.*, 896 F.2d 463, 474 (10th Cir.) (plaintiff who did not seek reinstatement could not have a reasonable expectation of returning to covered employment), *cert. denied*, 498 U.S. 898, 111 S.Ct. 252, 112 L.Ed.2d 210 (1990). Furthermore, this is not a situation in which the plan's eligibility requirements will be fulfilled in the future. Thus, Alexander has standing, if at all, only if he has a colorable claim that he will prevail in a suit for benefits.

It does not appear that Alexander can succeed on his claim for plan benefits. It is undisputed that he received treatment for his diabetic kidney disease within the three-month period prior to July 1, 1988. Therefore, pursuant to the plain language of the policy, his condition was "preexisting," and the disability resulting therefrom was excluded.

Anheuser–Busch's letter and any assurances Alexander may have received regarding his coverage do not change this outcome. We held in *Miller v. Coastal Corp.*, 978 F.2d 622, 624–25 (10th Cir.1992), *cert.*

*denied*, —— U.S. ——; 113 S.Ct. 1586, 123 L.Ed.2d 152 (1993), that the coverage of an ERISA plan may not be enlarged by informal oral or written communications under a theory of federal common law estoppel. Because ERISA expressly requires the terms of the benefit plan to be written in a formal plan document, 29 U.S.C. § 1102(a)(1), the language of the plan must control over Anheuser–Busch's oral and written misrepresentations. This is especially so in that, although Alexander claims that the misrepresentations were fraudulent, the record contains no evidence of an intent to deceive on the part of the employer. *See Miller*, 978 F.2d at 625. Thus, Alexander does not have a "colorable" claim for benefits under ERISA.

Alexander's complaint also requests compensatory damages for Anheuser–Busch's failure to provide required information and its misrepresentations regarding plan coverage. Because he seeks "a damage award, not vested benefits improperly withheld," he does not come within the definition of "participant" and, consequently, lacks standing to pursue this action. *Mitchell*, 896 F.2d at 474.[3]

Even if we were to reach the merits of Alexander's claims, he could not prevail. As explained, no benefits are due to Alexander "under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). He also has no remedy under § 1132(a)(3)(B), which authorizes a court to redress violations of ERISA through "other appropriate equitable relief." Courts have consistently held that this section does not authorize an award of extracontractual compensatory damages. *See, e.g., Harsch v. Eisenberg*, 956 F.2d 651, 656–60 (7th Cir.) (extracontractual compensatory damages not recoverable as "other appropriate equitable relief"), *cert. denied*, —— U.S. ——, 113 S.Ct. 61, 121 L.Ed.2d 29 (1992); *Drinkwater v. Metropolitan Life Ins. Co.*, 846 F.2d 821, 824 (1st Cir.) (same), *cert. denied*, 488 U.S. 909, 109 S.Ct. 261, 102 L.Ed.2d 249 (1988); *Hancock*

---

3. ERISA actually provides a specific damage remedy for disclosure violations. 29 U.S.C. § 1132(c) authorizes a $100 per day penalty for an administrator's failure to comply with a written request for plan information. Under this provision, Alexander would have had standing to force disclosure of the Plan documents and to recover damages while still employed by Anheuser–Busch.

**540**

*v. Montgomery Ward Long Term Disability Trust,* 787 F.2d 1302, 1307 (9th Cir.1986) (same); *see also Walter v. International Ass'n of Machinists Pension Fund,* 949 F.2d 310, 316 (10th Cir.1991) ("ERISA does not provide a private cause of action for damages to compensate a pensioner for delay [in giving notice of claim denial]."); *Settles v. Golden Rule Ins. Co.,* 927 F.2d 505, 510 (10th Cir.1991) (authority to grant "other appropriate equitable relief" does not allow bringing of otherwise preempted wrongful death claim). Finally, the United States Supreme Court has held that § 1132(a)(2) does not authorize a participant or beneficiary to bring a private right of action for damages to redress a breach of fiduciary duty. *Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 138, 148, 105 S.Ct. 3085, 3088, 3093, 87 L.Ed.2d 96 (1985); *see also Walter,* 949 F.2d at 317. For these reasons, Alexander cannot succeed on his ERISA claims.[4]

■ The district court's jurisdiction over Alexander's state law claim rested only on the existence of a federal question, based on his ERISA challenge. Because Alexander lacked standing to bring the ERISA claims, the district court was without jurisdiction to decide his pendent state claim as well. The question whether a state claim is preempted by ERISA is not enough, in itself, to raise a federal question, and thus to invoke the federal court's jurisdiction. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 26–27, 103 S.Ct. 2841, 2855–56, 77 L.Ed.2d 420 (1983). Rather, the state claim must come within the scope of 29 U.S.C. § 1132(a) before it will be deemed to "arise under the ... laws ... of the United States." 28 U.S.C. § 1331; *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 64, 67, 107 S.Ct. 1542, 1546, 1548, 95 L.Ed.2d 55 (1987). For this reason, the district court's decision that Alexander's state law claim was preempted must be vacated.

We VACATE the district court's judgment, and REMAND to the district court with instructions to dismiss Alexander's complaint for want of jurisdiction.

**4.** We note that the availability of a specific remedy for disclosure violations undermines Alexander's claim for plan benefits or damages under 29 U.S.C. § 1132(a).