36 F.3d 1105
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Brenda GONZALES, Plaintiff-Appellee,
v.
Emily VIGIL, in her individual capacity; Thomas Bailey, in
his individual capacity; Mary Robinson, in her individual
capacity; Modesto Vialpondo, in his individual capacity;
Albert Branch, in his individual capacity; L.D. Stevenson,
in his individual capacity; Manuel Serrano, in his
individual capacity; Ronnie Chavez, in his individual
capacity; Jemez Mountain School District Board of
Education, Defendants,
 Nos. 93-2180, CIVIL-89-1011-M.
 United States Court of Appeals, Tenth Circuit.
 Sept. 27, 1994.
 
 1
 Before TACHA, BRORBY, Circuit Judges, and KANE,** Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Robert D. Castille, counsel for defendants, appeals from an order of the district court imposing sanctions on him pursuant to Fed.R.Civ.P. 11.[2] The court imposed sanctions after holding counsel had filed a frivolous motion for summary judgment and a frivolous motion in limine in Ms. Gonzales' suit against the Jemez Mountain School District Board of Education and various individual board members. The court held that counsel's motion for summary judgment was frivolous because it was "objectively unreasonable" for counsel to argue the law was not clearly established as to Ms. Gonzales' claims and it was "objectively unreasonable" for counsel to argue there were no genuine issues of material fact in dispute. The district court held that counsel's motion in limine was "not warranted by existing law and ... an objectively reasonable and competent attorney would not have attempted ... to exclude all evidence ... upon which the case centered." App. at 561.
 
 
 4
 On appeal, counsel argues the motion for summary judgment was objectively reasonable and warranted because the applicable law was not clearly established when the challenged actions occurred. Counsel also argues he did not violate Rule 11 by moving for summary judgment on the issue of handicapped discrimination because Ms. Gonzales had not shown she was otherwise qualified for the position. Counsel argues the motion in limine was based on a good faith argument for extension of existing racial discrimination disparate impact law to other types of employment discrimination claims. Finally, counsel argues the district court considered matters beyond the scope of Rule 11 in imposing sanctions.
 
 
 5
 We review the district court's imposition of Rule 11 sanctions for abuse of discretion. Dodd Ins. Servs. v. Royal Ins. Co., 935 F.2d 1152, 1155 (10th Cir.1991). In deciding whether to impose Rule 11 sanctions, the district court must consider whether a reasonable competent attorney would have believed in the merit of the argument advanced. Id. (citing White v. General Motors Corp., 908 F.2d 675, 680 (10th Cir.1990), cert. denied, 498 U.S. 1069 (1991)). Our review of the record and the applicable law convinces us that the district court applied the proper standards in deciding to impose Rule 11 sanctions. We find no abuse of the district court's discretion.
 
 
 6
 Ms. Gonzales has requested attorney's fees incurred in this appeal. Counsel has had the opportunity to respond. This court has the inherent power to impose sanctions on litigants to deter frivolous filings. See Mullen v. Household Bank-Federal Sav. Bank, 867 F.2d 586, 588 (10th Cir.1989)(imposing attorney's fees and double costs for taking frivolous appeal). We agree that an award of attorney's fees and costs is warranted here.
 
 
 7
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The case is REMANDED to the district court to determine the amount of sanctions to be awarded for this frivolous appeal.
 
 
 
 **
 Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 This court initially questioned whether the order appealed from was final and appealable. See Alexander v. Anheuser-Busch Co., 990 F.2d 536, 538 (10th Cir.1993)(court has duty to question its jurisdiction sua sponte); see also G.J.B. & Associates, Inc. v. Singleton, 913 F.2d 824, 827-29 (10th Cir.1990)(sanction order against counsel is not final appealable order if underlying controversy remains unresolved). The district court's docket sheet shows that all claims were resolved when the notice of appeal was filed. We have jurisdiction over this appeal