Festus D. TATUM, Plaintiff,

v.

Carla Shelton EVERHART, The United Way of Wyandotte County, and The United Way of America, Inc., Defendants.

Civil Action No. 95–2518–GTV.

United States District Court, D. Kansas.

Feb. 3, 1997.

Annette M. Jackson, Kansas City, KS, for Festus D. Tatum.

Carl A. Gallagher, Deryl W. Wynn, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for Carla Shelton Everhart, United Way of Wyandotte County.

David Lee Heinemann, Patricia A. Konopka, Stinson, Mag & Fizzell, P.C., Kansas City, MO, for United Way of America, Inc.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This employment discrimination case is before the court upon defendant United Way of America, Inc.'s motion for summary judgment (Doc. 15) and motion to remove the case from the June 2, 1997 trial calendar and set aside the scheduling order (Doc. 37). For the reasons set forth below, the summary judgment motion is granted and the other motion is denied as moot.

### Background

In his complaint, plaintiff Festus D. Tatum alleges the following: He became an employee of United Way of Wyandotte County, Kansas (UWWC) in 1988. Defendant Carla Shelton Everhart became the plaintiff's supervisor as of January 1994 when UWWC employed her as its President. Everhart subjected Tatum to sexual harassment and discrimination. In retaliation for spurning her sexual advances, Everhart gave the plaintiff negative evaluations. She also made comments regarding Tatum's age and his "old-fashioned" mode of operation. Everhart terminated the plaintiff's employment with UWWC in January 1995. Tatum was replaced by a younger, white male.

On August 16, 1995, based upon the termination of his employment, Tatum filed a charge of gender, age, and race discrimination with the Equal Employment Opportunity Commission (EEOC) and the Kansas Human Rights Commission (KHRC). In the charge, the plaintiff named only UWWC as his employer.

On November 21, 1996, Tatum filed suit against Everhart, UWWC, and United Way of America, Inc. (UWA), alleging gender, age, and race discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.; Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq.; Kansas Act Against Discrimination (KAAD), K.S.A. § 44–1001 et seq.; and Kansas Age Discrimination in Employment Act (KADEA), K.S.A. § 44–1111 et seq., as well as intentional infliction of emotional distress in violation of Kansas common-law.

Defendant UWA subsequently filed this motion for summary judgment, asserting three grounds for granting the motion. First, UWA argues that it was not Tatum's employer within the meaning of Title VII, the ADEA, the KAAD, the KADEA, or Kansas common law. Next, UWA contends that Tatum failed to exhaust his administrative remedies when he did not name UWA as a respondent in his discrimination charge to the EEOC and KHRC. Finally, UWA maintains that after dismissing the federal claims, this court should not exercise supplemental jurisdiction over the state-law claims, but even if the court did, those claims also must fail.

### Summary Judgment

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue regarding any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). All disputed facts, and reasonable inferences derived from the evidence presented, must be resolved in favor of the nonmoving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986); Frandsen v. Westinghouse Corp., 46 F.3d 975, 977 (10th Cir.1995); Federal Deposit

*Ins. Corp. v. 32 Edwardsville, Inc.,* 873 F.Supp. 1474, 1479 (D.Kan.1995). The existence of factual disputes is not an automatic preclusion to the grant of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A "material" fact is one "that might affect the outcome of the suit under the governing law," and the issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The initial burden of demonstrating want of a genuine issue of material fact rests with the movant. Showing a lack of evidence to support the nonmovant's case discharges this burden. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). After the movant has supported properly the summary judgment motion, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial" and not rely upon allegations or denials contained in the pleadings. *Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514.

The movant is entitled to judgment as a matter of law should the nonmoving party insufficiently establish an essential element of a claim for which the nonmovant has the burden. *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. at 2552.

Rule 56 should be construed to satisfy one of its principal purposes, namely, to segregate and eliminate factually unsupported claims and defenses. *Id.* Entitlement to summary judgment must be proven beyond a reasonable doubt. *Norton v. Liddel,* 620 F.2d 1375, 1381 (10th Cir.1980).

### *Rule 56(f)*

■ Tatum argues that this court should delay ruling upon the summary judgment motion until after discovery is complete and the parties have had the opportunity to supplement their pleadings based upon that discovery. The plaintiff suggests "there is information which tends to support the contention that there was an interrelation between the personnel operations of the corporate defendants and the control of their labor relations, as well as common management." (Pltf.'s Response, at 10.) Tatum submits the affidavit of his counsel in accordance with Fed.R.Civ.P. 56(f), which provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

In the affidavit, Tatum's counsel states that she has reviewed documents from the plaintiff and those UWA has filed with the court; that she has interviewed other persons concerning their knowledge of relevant and material facts concerning the plaintiff's cause of action and UWA's motion; and that the "plaintiff has information and believes" UWA and UWWC "have a dynamic, symbiotic relationship" partially evident from the attachments to UWA's summary judgment motion; and that the plaintiff expects to discover additional information, available only from the defendants, regarding "UWA's involvement in the process of personnel selection, setting wage and salary levels for the various positions in the local organizations."

The affidavit of Tatum's counsel is insufficient to invoke the protection of Rule 56(f). The affidavit does not explain " 'why facts precluding summary judgment cannot be presented,' " does not describe " 'what steps have been taken to obtain these facts,' " and does not explain " ' "how additional time will enable [her] to rebut movant's allegations of no genuine issue of fact." ' " *First Sav. Bank v. First Bank Sys., Inc.,* 902 F.Supp. 1366, 1382 (D.Kan.1995) (quoting *Committee for the First Amendment v. Campbell,* 962 F.2d 1517, 1522 (10th Cir.1992) (quoting *Meyer v. Dans un Jardin, S.A.,* 816 F.2d 533, 537 (10th Cir.1987))), *rev'd on other grounds,* 101 F.3d 645 (10th Cir.1996). The affidavit also does not specify which documents are relevant and with whom she spoke or what information, if any, they provided to rebut UWA's position. Simply asserting that

UWA has evidence supporting the plaintiff's position will not justify denying summary judgment under Rule 56(f). *See Jensen v. Redevelopment Agency of Sandy City,* 998 F.2d 1550, 1554 (10th Cir.1993). Additionally, the record reveals that Tatum has not filed any formal discovery requests of UWA since filing suit on November 21, 1995. The plaintiff has had ample time to engage in discovery. *See id.* ("if the party filing the Rule 56(f) affidavit has been dilatory, ... no extension will be granted"); *Friends of Santa Fe County v. LAC Minerals, Inc.,* 892 F.Supp. 1333, 1343 (D.N.M.1995) ("Plaintiffs had not attempted to serve discovery requests at this time ... and so fail to assert sufficient grounds to invoke Rule 56(f)"). The court will not defer its ruling and, accordingly, will address the merits of UWA's motion for summary judgment.

### Employer under Title VII & ADEA

UWA argues that Tatum's Title VII and ADEA claims cannot withstand summary judgment because UWA was not Tatum's "employer" within the statutory meaning of that term. Both acts prohibit an *employer* from discriminating against an employee, 29 U.S.C. § 623(a)(1); 42 U.S.C. § 2000e–2(a)(1), and define employer similarly, *Thomason v. Prudential Ins. Co.,* 866 F.Supp. 1329, 1334 n. 9 (D.Kan.1994); *see Wheeler v. Hurdman,* 825 F.2d 257, 263 (10th Cir.1987) (case law construing Title VII and ADEA definition terms generally are persuasive authority for the other act). Whether the plaintiff was UWA's employee "is both a jurisdictional question and an aspect of the substantive claim in [this] discrimination action." *Id.* at 259.

■ The essence of Tatum's position is that UWA and UWWC should be considered a single employer for Title VII and ADEA purposes. The Tenth Circuit has applied the following four factors, sometimes referred to as the integrated enterprise test, to determine whether two entities should be considered as one in employment discrimination actions: (1) interrelated operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership. *See Lambertsen v. Utah Dep't of Corrections,*

79 F.3d 1024, 1029 (10th Cir.1996) (single employer issue under Title VII); *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1362 (10th Cir.1993) (whether parent company liable for the actions of its subsidiary under Title VII and ADEA); *see also Evans v. McDonald's Corp.,* 936 F.2d 1087, 1089–90 (10th Cir.1991) (whether restaurant franchisor was employer of franchise employee in Title VII action). The *Lambertsen* court concluded that the most important factor is centralized control over labor relations. 79 F.3d at 1029.

The Tenth Circuit has applied these factors in the context of commercial, for-profit corporations. Other courts have applied the single employer or integrated enterprise test in the nonprofit arena. In employment-related actions, the United States District Court for the Districts of Connecticut and Nebraska applied the test in addressing whether the American Red Cross could be characterized as the employer of the plaintiff who worked for a local Red Cross chapter. *See Owens v. American Nat'l Red Cross,* 673 F.Supp. 1156, 1160–61 (D.Conn.1987) (after application of integrated enterprise factors, court concluded national organization was not plaintiff's employer); *Webb v. American Red Cross,* 652 F.Supp. 917, 919–22 (D.Neb.1986) (same).

The first factor of the single employer or integrated enterprise test is interrelated operations. The National Labor Relations Board, which initially adopted the test "as a self-imposed jurisdictional restriction" on Title VII's definition of employer, has identified seven indicia of interrelatedness: "(1) combined accounting records; (2) combined bank accounts; (3) combined lines of credit; (4) combined payroll preparation; (5) combined switchboards; (6) combined telephone numbers; and (7) combined offices." *Eichenwald v. Krigel's Inc.,* 908 F.Supp. 1531, 1540, 1541 n. 8 (D.Kan.1995).

■ UWWC is a member organization of UWA, a nonprofit corporation organized under the laws of New York with its principal office in Virginia. To qualify as a member organization, each local organization must be nonprofit and tax-exempt, pay membership dues, and satisfy other requirements such as being nondiscriminatory in the composition

of its board and staff. There is no evidence, however, to satisfy any of the above indicia.[1]

Additionally, UWA and UWWC are incorporated separately. *See Frank*, 3 F.3d at 1362 (in cases of separate incorporation, the limited liability doctrine "creates a strong presumption that a parent company is not the employer of its subsidiary's employees, and the courts have found otherwise only in extraordinary circumstances"). UWA and UWWC operate under separate bylaws, are governed by separate boards, and have separate IRS exemptions. The evidence before the court establishes the lack of interrelated operations.

Common management, the second factor, examines whether the two entities have common directors and officers. *See Spicer v. Arbor Nall Nursery, Inc.*, No. 93–2537, 1995 WL 42660, *5 (D.Kan. Jan. 18, 1995). Here, there is no evidence of common directors, officers, or board members.

█ Additionally, UWA's professional officer search and referral program, one of UWA's primary services to member organizations, does not establish common management. Under this program, a professional employed by a member organization may establish a file with UWA in order to be considered for open positions with other member organizations. Upon request by a member organization, UWA shares the files of qualified candidates with the member organization. UWA's involvement ends there. The member organization reviews the files, contacts the candidates in which it is interested, schedules interviews, establishes the salary for the position, and makes any offer of employment.

Both Tatum and Everhart established files with UWA's referral service. When UWWC utilized the service in searching for a new president, Everhart was included in the list.

UWA had no influence in UWWC's decision to hire or fire Tatum or to hire Everhart. UWA did not supervise or evaluate the work performance of either.

The third and most important factor is *centralized control of labor relations.*

To establish centralized control, the parent corporation's control of the day-to-day employment decisions of the subsidiary must be shown. Day-to-day control must actually be exercised; potential control is not sufficient. Courts have found centralized control when the parent was involved in the subsidiary's hiring decisions, when a common officer had approved all hiring decisions of the subsidiary, and when the parent has issued personnel policies and also fired at least one subsidiary employee. The Tenth Circuit has emphasized the importance of a plaintiff's actual experience as an employee with respect to whether the parent corporation hired the plaintiff, fired the plaintiff, or supervised the plaintiff's work on a regular, daily basis.

*Eichenwald*, 908 F.Supp. at 1541 n. 9 (citations omitted). There is no evidence UWA exercised actual day-to-day control over UWWC's labor relations. UWWC hired and fired Tatum. UWWC established and provided salaries and benefits for all employees. There is no evidence UWA made any decisions, let alone the final decision, regarding Tatum's employment. *See Frank*, 3 F.3d at 1363. The fact UWA espoused broad general policy statements on employment matters does not establish centralized control. *See id.*

The final and least important factor is common ownership or financial control. *See Eichenwald*, 908 F.Supp. at 1540. UWA and its member organizations are nonprofit, charitable organizations and not owned in the traditional commercial sense. Although fi-

1. Tatum requests that the court strike the affidavit of Charles E.M. Kolb, alleging that the statements in the affidavit are conclusory and not based upon personal knowledge. The plaintiff also attempts to controvert many of the defendant's facts by responding "controverted as to relevance" and "controverted as to sufficiency of factual statement and affidavit."

The court will not strike the affidavit of Kolb, who served as the Secretary and General Counsel of United Way of America, Inc. (UWA) since 1992. In his affidavit, Kolb states that his facts are based upon personal knowledge or his review of UWA business records. Tatum offers no evidence to contradict that statement. Additionally, the plaintiff does not set forth specific facts to create genuine issues of material facts and therefore fails to satisfy the requirements of D.Kan.R. 56.1. UWA's facts are deemed admitted for purposes of this motion.

nancial accountability is part of the eligibility criteria to become a member organization, there is no evidence UWA exercises financial control over member organizations, including UWWC.

Here, the evidence establishes that UWA and UWWC should not be viewed as a single employer for Title VII and ADEA purposes. Because the court finds UWA is not Tatum's employer, the Title VII and ADEA claims against UWA must be dismissed for want of jurisdiction. *See Wheeler*, 825 F.2d at 259.

Because the court lacks original jurisdiction over the federal claims, the court has no authority to exercise supplemental jurisdiction over the plaintiff's state-law claims against UWA. *See* 28 U.S.C. § 1367(a); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996) ("While the district court may, at its discretion, exercise supplemental jurisdiction over state law claims even where it has dismissed all claims over which it had original jurisdiction, it cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction") (citations omitted); *Jordahl v. Democratic Party of Va.*, 947 F.Supp. 236, 241–42 (W.D.Va.1996) ("Because the court lacks subject-matter jurisdiction over the plaintiffs' federal claims, it has no supplemental jurisdiction over the state law claims."); *see also Alexander v. Anheuser-Busch Cos.*, 990 F.2d 536, 540 (10th Cir.1993) (plaintiff had no standing to bring ERISA claim, basis upon which federal district court had jurisdiction; therefore, "district court was without jurisdiction to decide his pendent state claim"). Therefore, the state-law claims against UWA also are dismissed.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant UWA's motion for summary judgment (Doc. 15) is granted. All claims against UWA are dismissed, and UWA is dismissed from this action.

IT IS FURTHER ORDERED that defendant UWA's motion to remove the case from the June 2, 1997 trial calendar and set aside the scheduling order (Doc. 37) is denied as moot.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**