**Howard A. AKS, Plaintiff,**

v.

**UNITED MISSOURI BANK,
Defendant.**

**No. CIV.A. 03–2125–DJW.**

United States District Court,
D. Kansas.

Jan. 7, 2004.

J. Patrick Shepard, Hazelton, Laner & Batson, Kansas City, MO, for Plaintiff.

Gardiner B. Davis, Spencer, Fane, Britt & Browne, Kansas City, MO, for Defendant.

## MEMORANDUM AND ORDER

WAXSE, United States Magistrate Judge.

This matter is before the Court on Defendant's Motion to Dismiss (doc. 7). Defendant moves to dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defendant contends that the Employee Retirement Income Security Act ("ERISA")[1] provides the exclusive remedies for the wrongful conduct alleged in Plaintiff's lawsuit. Defendant argues that Plaintiff's allegations, even if true, fail to state a cause of action under ERISA and that the case should therefore be dismissed.

## I. Background Information

Plaintiff initially filed this action in the District Court of Johnson County, Kansas. Defendant removed the action, asserting that Plaintiff's lawsuit, although purporting to assert state law claims, should be characterized as a civil action to enforce ERISA rights and that this Court there-

---

1. 29 U.S.C. §§ 1001, *et seq.*

fore has federal question jurisdiction over the case.[2]

Plaintiff's Petition alleges causes of action for misrepresentation, breach of fiduciary duty, and negligence. The Petition asserts that all three causes of action arise out of Defendant's "improper conduct as a fiduciary for [Plaintiff]."[3] The Petition alleges that "in connection with his retirement planning, [Plaintiff] deposited a substantial amount of funds in an account managed by Defendant."[4] It further alleges that as part of Defendant's management responsibilities, Defendant acted as a fiduciary to Plaintiff and undertook to invest, administer, diversify, communicate about, and otherwise manage Plaintiff's retirement funds.[5]

Plaintiff claims that Defendant failed to inform him in a timely and accurate manner of the decline in the value of his retirement assets.[6] He asserts that this failure caused him to lose the opportunity to reduce his losses and that he suffered a loss in the value of his retirement assets in excess of $25,000.[7] Accordingly, Plaintiff's Petition seeks to recover in each of his three counts "compensatory damages, including but not limited to an avoidable loss in the value of his retirement assets in excess of $25,000."[8] Plaintiff also seeks in his Petition to recover his attorneys' fees and to obtain "such other and further relief as the Court deems just and proper."[9]

Defendant moves to dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defendant argues in its initial brief, and Plaintiff concedes in his response, that ERISA provides the exclusive remedies for the wrongful conduct alleged in this lawsuit and therefore preempts Plaintiff's state law claims. Defendant further argues that to the extent Plaintiff's Petition seeks relief under ERISA, the Petition fails, for a number of reasons, to state a cause of action under ERISA, and the case should be dismissed.

One of the arguments raised by Defendant is that Plaintiff cannot state a private cause of action for damages for breach of fiduciary under section 502(a)(2) of ERISA, 29 U.S.C. § 1132(a)(2).[10] This argument, however, was not raised until Defendant filed its reply brief, and, thus, Plaintiff did not have the opportunity to respond to it. The Court found Defendant's argument to be persuasive and ordered Plaintiff to show cause, in a pleading filed with the Court, why Plaintiff's lawsuit should not be dismissed for failure to state a claim for breach of fiduciary duty under section 502(a)(2) of ERISA.[11]

Plaintiff responded to the Show Cause Order,[12] again making it clear that he is proceeding only under ERISA and not

2.   *See* Notice of Removal (doc. 1) at pp. 1–2.

3.   Plaintiff's Petition, ¶ 3 (attached to Notice of Removal (doc. 1)).

4.   *Id.,* ¶ 5.

5.   *Id.,* ¶ 6.

6.   *Id.,* ¶¶ 7–8.

7.   *Id.,* ¶¶ 9–10.

8.   *Id.,* ¶¶ 16, 20, and 25.

9.   *Id.,* Wherefore Clauses, Counts I–III.

10.   *See Alexander v. Anheuser–Busch Cos., Inc.,* 990 F.2d 536, 540 (10th Cir.1993) (section 502(a)(2) of ERISA "does not authorize a participant or beneficiary to bring a private right of action for damages to redress a breach of fiduciary duty") (citing *Mass. Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 138, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985)); *Swearingen v. Honeywell, Inc.,* 189 F.Supp.2d 1189, 1197 (D.Kan.2002) (same).

11.   *See* Show Cause Order (doc. 25).

12.   *See* Def's Resp. to Show Cause Order (doc. 26).

state law, but asserting that he is not making a claim for breach of fiduciary duty under ERISA section 502(a)(2), as Defendant had assumed, but rather ERISA sections 502(a)(1)(B) and (a)(3). Defendant has responded to the arguments raised in Plaintiff's Response to the Show Cause Order,[13] asserting that Plaintiff cannot state a cause of action under either section 502(a)(1)(B) or 502(a)(3) and reiterating its arguments that Plaintiff's Petition fails to state a cause of action for breach of fiduciary duty under ERISA.

Given Plaintiff's admission that his state law claims are preempted by ERISA, the Court will dismiss them. The Court will now proceed to determine whether Plaintiff's Petition states a claim for relief based on Defendant's alleged breach of fiduciary duty under sections 502(a)(1)(B) and/or 502(a)(3) of ERISA.

## II. Standard for Ruling on a Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his theory of recovery,[14] or when an issue of law is dispositive.[15] The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations,[16] and all reasonable inferences from those facts must be viewed in favor of the plaintiff.[17] Although not required to precisely state each and every element of his claim, a plaintiff must at least advance minimal factual allegations on the material elements of his claim to survive a Rule 12(b)(6) motion to dismiss.[18] The ultimate issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.[19]

## III. Summary of the Parties' Positions

Plaintiff's Petition does not contain any reference to ERISA, nor does it allege that Plaintiff was a participant in an ERISA plan or that Defendant was acting as a fiduciary with respect to any ERISA plan. The parties, however, apparently agree that the funds deposited into the account managed by Defendant were contributions made to Plaintiff's 401(k) plan, an employee pension benefit plan within the meaning of ERISA, and that Plaintiff was a participant in the plan.[20] Plaintiff asserts that Defendant was acting as a fiduciary within the meaning of ERISA and that under section 404 of ERISA [21] and case law construing that section, Defendant owed a duty to Plaintiff not to furnish misleading information. According to Plaintiff, he is therefore entitled to equitable relief under sections 502(a)(1)(B) and 502(a)(3) to redress Defendant's violation of section 404.

Defendant advances three primary arguments in support of its motion to dismiss.

---

**13.** See Def's Supp. Reply (doc. 30).

**14.** *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1303 (10th Cir.1998).

**15.** *Neitzke v. Williams,* 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**16.** *Maher,* 144 F.3d at 1304.

**17.** *Witt v. Roadway Express,* 136 F.3d 1424, 1428 (10th Cir.1998).

**18.** *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991).

**19.** *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

**20.** *See* Notice of Removal (doc. 1) at pp. 1–2; Pltf's Resp. to Mtn. to Dismiss (doc. 15) at p. 2.

**21.** 29 U.S.C. § 1104.

First, Defendant argues that Plaintiff cannot state a cause of action under section 502(a)(1)(B) or 502(a)(3) because he does not seek the type of relief sought under either of those sections. Second, Defendant argues that the alleged wrongful actions pled in the Petition cannot form the basis of an ERISA breach of fiduciary claim. Third, Defendant argues that Plaintiff's Petition is deficient because it fails to allege sufficient facts to show that Defendant is a fiduciary within the meaning of ERISA.

## IV. Analysis

For the reasons set forth below, the Court holds that Plaintiff cannot state a cause of action under either section 502(a)(1)(B) or 502(a)(3) of ERISA. Plaintiff seeks only money damages, that is, extracontractual compensatory damages, and not the equitable relief or other types of relief provided for by these statutes.

### A. Cause of Action Under Section 502(a)(1)(B)

■ Section 502(a)(1)(B) provides that a civil action may be brought by a participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." [22] The Tenth Circuit has held that under this section "[d]amages are limited to the re-

covery of 'benefits due ... under the terms of the plan;' " [23] that is, contractual damages. The Tenth Circuit has also held that "nothing in section 502(a)(1)(B) supports damages beyond that section's language authorizing recovery of 'benefits due ... under the terms of the plan.' " [24] Consequently, extracontractual compensatory benefits are not available under section 502(a)(1)(B). [25]

Nowhere in the Petition does Plaintiff assert that he is seeking to recover any benefits that are due him under the terms of his 401(k) plan. Nor does he assert that he is seeking to enforce or clarify any rights under the plan. Rather, he seeks "compensatory damages, including but not limited to an avoidable loss in the value of his retirement assets in excess of $25,-000." [26] As this type of extracontractual compensatory damages is not recoverable under section 502(a)(1)(B), Plaintiff cannot state a claim for relief under that ERISA section.

### B. Cause of Action Under Section 502(a)(3)

■ Section 502(a)(3) provides that a civil action may be brought by a participant or beneficiary "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." [27]

22. 29 U.S.C § 1132(a)(1)(B).

23. *Conover v. Aetna U.S. Health Care, Inc.,* 320 F.3d 1076, 1080 (10th Cir.2003).

24. *Zimmerman v. Sloss Equip., Inc.,* 72 F.3d 822, 828 (10th Cir.1995) (citations omitted).

25. *Senese v. Chicago Area I.B. of T. Pension Fund,* 237 F.3d 819, 825 (7th Cir.2001) ("Under ERISA § 502(a)(1)(B) ... plan participants or beneficiaries may not recover 'extracontractual damages,' but instead are limited

to recovering only the benefits specified in the plan."). *See also Moffett v. Halliburton Energy Servs., Inc.,* 291 F.3d 1227, 1234 (10th Cir.2002) ("damages in the form of monetary compensation for economic or other harm suffered" as a result of a fiduciary's ERISA violations are not remedies available under ERISA).

26. Petition, attached to Notice of Removal (doc. 1), ¶¶ 16, 20, and 25.

27. 29 U.S.C. § 1132(a)(3).

Plaintiff does not seek to enjoin any practices of Defendant that violate ERISA or the terms of the 401(k) plan. Thus, Plaintiff may not proceed under subsection (A). Although Plaintiff does not expressly state that he is proceeding under subsection (B), he does assert that he is "entitled to equitable relief to redress Defendant's violations of its duties."[28] Thus, the Court interprets Plaintiff's claim as one for "appropriate equitable relief" under subsection (B), albeit in the form of monetary damages.

In *Great–West Life & Annuity Insurance Company v. Knudson*,[29] the United States Supreme Court identified what constitutes "equitable relief" under section 502(a)(3)(B). The Court noted that "the term 'equitable relief' in section 502(a)(3) must refer to 'those categories of relief that were typically available in equity.'"[30] They include such classic equitable remedies as injunctive, restitution, and mandamus relief.[31] The Court explained that "'[a]lmost invariably ... suits seeking ... to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty.'"[32] The Court noted that "money damages are, of course, the classic form of *legal* relief."[33]

Plaintiff does not seek an injunction, restitution, or a mandamus. Plaintiff seeks only monetary damages, which the Supreme Court has deemed legal relief that is not recoverable under section 502(a)(3). Plaintiff cannot transform his claim for monetary damages into a claim for equitable relief merely by labeling it as such. The Court therefore rejects Plaintiff's argument that he has stated a claim for relief that is recoverable under section 502(a)(3).

■ The Court also rejects Plaintiff's argument that his claim for monetary damages should be allowed under general trust law principles. The United States Supreme Court rejected a similar argument in *Mertens v. Hewitt Associates*.[34] There, the Court refused to read the term "equitable relief" as used in section 502(a)(3) to mean "all relief available for breach of trust at common law."[35] The Court held that to do so would require the Court to give the term a different meaning in section 502(a)(3) than it has elsewhere in ERISA and would deprive of all meaning the distinction Congress drew between "equitable" and "legal" relief in various other sections of ERISA.[36] Thus, it is clear that section 502(a)(3) does not provide for the type of relief sought by Plaintiff.

28. Pltf's Resp. to Show Cause Order (doc. 26) at p. 3.

29. 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002).

30. *Id.* at 210, 122 S.Ct. 708 (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993)).

31. *Id.* at 211–215, 122 S.Ct. 708. The Court in *Great–West* clarified that restitution is not exclusively an equitable remedy; whether it is deemed equitable in a particular case; and therefore authorized by section 502(a)(3), depends on the nature of the restitution sought. *Id.* at 215, 122 S.Ct. 708.

32. *Id.* at 210, 122 S.Ct. 708 (quoting *Bowen v. Mass.*, 487 U.S. 879, 918–19, 108 S.Ct. 2722, 101 L.Ed.2d 749 (Scalia, J., dissenting) (emphasis in *Bowen* )).

33. *Id.* at 210, 122 S.Ct. 708 (quoting *Mertens*, 508 U.S. at 255, 113 S.Ct. 2063) (emphasis in original).

34. 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993).

35. *Id.* at 258, 113 S.Ct. 2063.

36. *Id.* at 258–59, 113 S.Ct. 2063.

## V. Conclusion

Plaintiff concedes that his state law claims are preempted by ERISA. The Court therefore dismisses Plaintiff's state law claims with prejudice. Plaintiff asserts that his remaining claims are brought pursuant to sections 502(a)(1)(B) and 502(a)(3) of ERISA. Under those sections, he seeks to recover compensatory damages for losses he claims he sustained because of Defendant's alleged breach of its fiduciary duties. Money damages, however, are not available under either of the asserted ERISA sections. Plaintiff's Petition therefore fails to state a cause of action for which relief can be granted.[37]

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (doc. 7) is granted, and this action is dismissed with prejudice.

IT IS SO ORDERED.

37. As the Court finds that Plaintiff's action is not authorized under either of the asserted sections of ERISA, the Court need not address Defendant's additional arguments that the alleged wrongful actions pled in the Petition cannot form the basis of an ERISA breach of fiduciary claim or that Plaintiff's Petition is deficient because it fails to allege sufficient facts to show that Defendant is a fiduciary within the meaning of ERISA.