48 Cal.Rptr.3d 449 (2006)
142 Cal.App.4th 805
FARM RAISED SALMON CASES.
No. B182901.
Court of Appeal of California, Second District, Division Three.
August 31, 2006.
*450 Hagens Berman Sobol Shapiro, Los Angeles, Craig R. Spiegel, Lee M. Gordon, Elaine T. Byszewski, Los and Steve W. Berman, for Plaintiffs and Appellants.
Bill Lockyer, Attorney General, Albert Norman Shelden, Assistant Attorney General, and Ronald A. Reiter, Deputy Attorney General as Amicus Curiae on behalf of Plaintiffs and Appellants.
Akin Gump Strauss Hauer & Feld, Rex S. Heinke, David C. Allen, Johanna R. *451 Shargel, Los Angeles; Streeter & Nangano, Thomas Barclay, Michael Nangano, Michael L. Coates, Los Angeles; Greenberg, Glusker, Fields, Claman, Machtinger & Kinsella, Norman Howard Levine, Los Angeles; Ervin, Cohen & Jessup, Allan B. Cooper, Beverly Hills, Tamara L. Dewar, Encino; O'Melveny & Myers, Carla J. Christofferson, Los Angeles; Seyfarth Shaw, Jay W. Connolly, San Francisco, and Geoff S. Long, for Defendants and Respondents.
CROSKEY, J.
Several individuals commenced separate actions against owners and operators of grocery stores alleging that the defendants sold artificially colored farmed salmon without disclosing to consumers the artificial coloring. The actions were coordinated in Farm Raised Salmon Cases, Judicial Council Coordination Proceeding No. 4329. The plaintiffs filed a coordinated complaint alleging as a class and representative action counts for unfair competition, violation of the Consumers Legal Remedies Act (CLRA) (Civ.Code, § 1750 et seq.), false advertising, and negligent misrepresentation. The superior court sustained a demurrer to the complaint on the grounds that the Federal Food, Drug, and Cosmetic Act (FDCA) (21 U.S.C. § 301 et seq.) preempted each cause of action, that the dispute should be referred to the United States Food and Drug Administration (FDA) or the California Department of Health Services (DHS) under the primary jurisdiction doctrine, and that the plaintiffs failed to state a cause of action for violation of the CLRA. In finding preemption the court relied primarily on section 337(a) of title 21 United States Code (section 337(a)), which states that an action to enforce the FDCA must be by and in the name of the United States. The plaintiffs appeal the judgment.
We conclude that in section 337(a) Congress made clear its intention to preclude private enforcement of the FDCA, that a state law private right of action based on an FDCA violation would frustrate the purposes of exclusive federal and state governmental prosecution of the act, and that section 337(a) impliedly preempts all of the plaintiffs' causes of action. We therefore affirm the judgment without reaching or discussing the other grounds asserted by the defendants in support of their demurrer.

FACTUAL AND PROCEDURAL BACKGROUND
The plaintiffs in their consolidated and amended complaint filed in March 2004 allege that fish farmers feed farmed salmon the chemicals canthaxanthin and astaxanthin to obtain a color of flesh resembling that of wild salmon. They allege that the flesh of farmed salmon would appear grayish without the chemical additives and that consumers believe that the color of salmon is an indication of its origin, quality, freshness, flavor, and other characteristics. They allege that concerns have been raised about the potential health risks of consuming the artificial coloring agents in particular and farm-raised salmon in general. The plaintiffs allege that the FDCA and parallel state laws require food labeling to state that farmed salmon is artificially colored and that the defendants have failed to comply with those requirements. They allege that the failure to disclose the artificial color has caused consumers to believe that farmed salmon is wild salmon.
The complaint alleges counts for (1) unfair and unlawful business acts and practices in violation of the unfair competition law (Bus. & Prof.Code, § 17200 et seq.); (2) unfair or deceptive trade practices under the CLRA; (3) false and misleading advertising in violation of the false advertising *452 law (Bus. & Prof.Code, § 17500 et seq.); and (4) negligent misrepresentation. The laws alleged to be violated as a predicate for the unfair competition law count include provisions of the FDCA and California's Sherman Food, Drug, and Cosmetic Law (Sherman Law) (Health & Saf. Code, § 109875 et seq.), a provision of the CLRA, and Penal Code section 383. The complaint alleges a representative and class action on behalf of the plaintiffs and others similarly situated.
The defendants jointly demurred to the complaint on several grounds, including that (1) section 337(a) expressly precludes a private right of action to enforce the FDCA and therefore impliedly preempts an action under state law by a private party based on an FDCA violation, and each count of the plaintiffs' complaint is based on alleged violations of the FDCA, so section 337(a) preempts all of the counts alleged in the complaint;[1] (2) further consideration of the plaintiffs' complaint by the court could conflict with regulation and enforcement by the FDA or DHS, which have special competence in the area of food labeling, so the action should be dismissed under the primary jurisdiction doctrine; and (3) the plaintiffs failed to allege an affirmative representation as required in order to state a cause of action under Civil Code section 1770, subdivision (a)(5), (14) or (17). The defendants also moved to strike portions of the complaint.
The trial court sustained the demurrer to each count, with leave to amend, in an order filed on January 13, 2005. The court stated in its order that an alleged violation of the FDCA cannot provide the basis for a claim under the unfair competition law because section 337(a) "explicitly bars a private right of action," quoting from our opinion in Stevens v. Superior Court (1999) 75 Cal.App.4th 594, 606, 89 Cal.Rptr.2d 370. The order further stated that section 337(a) precludes private enforcement of the FDCA, that alleged violations of the FDCA are the sole basis for each count alleged in the complaint, and that section 337(a) therefore preempts each count. The court rejected the plaintiffs' arguments that the primary jurisdiction doctrine does not apply and concluded that the doctrine applies. The court also concluded that a claim under the CLRA must be based on an affirmative statement of fact rather than an omission, and that the plaintiffs failed to allege an affirmative statement of fact.
The plaintiffs elected not to amend their complaint, but to challenge the sustaining of the demurrer on appeal from the judgment. The court entered a judgment of dismissal with prejudice on March 4, 2005. The plaintiffs have appealed from that judgment.

CONTENTIONS
The plaintiffs contend (1) section 337(a) neither expressly nor impliedly preempts their state law causes of action; (2) the primary jurisdiction doctrine does not apply, and even if it did apply it would support only a stay rather than dismissal; (3) the complaint alleges facts sufficient to state a cause of action under the unfair competition law based on unfair, fraudulent, and unlawful business acts or practices; and (4) the undisclosed artificial coloring of farmed salmon is itself a false representation concerning its origin within *453 the meaning of the CLRA. The defendants dispute each of these contentions and assert the arguments that they raised in the trial court.

DISCUSSION

1. Standard of Review

We independently review the ruling on a demurrer and determine de novo whether the pleading alleges facts sufficient to state a cause of action. (McCall v. PacifiCare of Cal., Inc. (2001) 25 Cal.4th 412, 415, 106 Cal.Rptr.2d 271, 21 P.3d 1189.) We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded, and facts of which judicial notice can be taken. (Schifando v. City of Los Angeles (2003) 31 Cal.4th 1074, 1081, 6 Cal.Rptr.3d 457, 79 P.3d 569.) We construe the pleading in a reasonable manner and read the allegations in context. (Ibid.)
The sustaining of the demurrer also encompassed a ruling on preemption. Preemption presents a question of law concerning statutory construction and legislative intent, which we review de novo. (Spielholz v. Superior Court (2001) 86 Cal. App.4th 1366, 1371, 104 Cal.Rptr.2d 197.)

2. Preemption Principles

The supremacy clause of the United States Constitution (art. VI, cl. 2) grants Congress the power to preempt state law. (Crosby v. National Foreign Trade Council (2000) 530 U.S. 363, 372, 120 S.Ct. 2288, 147 L.Ed.2d 352.) Federal preemption is a question of congressional intent. (Medtronic, Inc. v. Lohr (1996) 518 U.S. 470, 485, 116 S.Ct. 2240, 135 L.Ed.2d 700; English v. General Electric Co. (1990) 496 U.S. 72, 78-79, 110 S.Ct. 2270, 110 L.Ed.2d 65.) Particularly in a field traditionally occupied by the states such as the exercise of a state's police powers, Congress's intent to preempt state law must be "clear and manifest." (Medtronic, supra, at p. 485, 116 S.Ct. 2240.) Consumer protection laws such as the unfair competition law, false advertising law, and CLRA, are within the states' historic police powers and therefore are subject to the presumption against preemption. (Washington Mutual Bank v. Superior Court (2002) 95 Cal.App.4th 606, 613, 115 Cal.Rptr.2d 765; Black v. Financial Freedom Senior Funding Corp. (2001) 92 Cal. App.4th 917, 926, 112 Cal.Rptr.2d 445.) That presumption applies not only to the question of whether Congress intended to preempt state law, but also to the scope of preemption. (Medtronic, supra, 518 U.S. at p. 485, 116 S.Ct. 2240) The party asserting that a federal law preempts a state law bears the burden to demonstrate preemption. (Bronco Wine Co. v. Jolly (2004) 33 Cal.4th 943, 956, 17 Cal.Rptr.3d 180, 95 P.3d 422.)
Congress's intent to preempt state law may be stated expressly, or it may be implied if a federal law demonstrates an intent to "occupy the field" or a state law conflicts with a federal law. (Crosby v. National Foreign Trade Council, supra, 530 U.S. at p. 372, 120 S.Ct. 2288.) The existence of an express preemption clause implies that Congress did not intend to preempt other matters, but does not necessarily negate the possibility of field or conflict preemption. (Sprietsma v. Mercury Marine (2002) 537 U.S. 51, 64-65, 123 S.Ct. 518, 154 L.Ed.2d 466; Freightliner Corp. v. Myrick (1995) 514 U.S. 280, 288, 115 S.Ct. 1483, 131 L.Ed.2d 385.) Congressional intent to occupy the field "may be inferred from a `scheme of federal regulation . . . so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it,' or where an Act of Congress `touch[es] a field in which the federal interest *454 is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.' [Citation.]" (English v. General Electric Co., supra, 496 U.S. at p. 79, 110 S.Ct. 2270.) In a field "`traditionally occupied by the States,' congressional intent to supersede state laws [by occupying the field] must be `"clear and manifest."' [Citation.]" (Ibid.) Conflict preemption exists where state law conflicts with federal law so that compliance with both the state and federal laws is impossible, or where the state law "`stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" (Crosby, supra, at p. 373, 120 S.Ct. 2288.) Again, the presumption against preemption applies in a field traditionally occupied by the states, so conflict preemption must be clear and manifest. (Bronco Wine Co. v. Jolly, supra, 33 Cal.4th at p. 958, fn. 12, 17 Cal.Rptr.3d 180, 95 P.3d 422.)

3. Section 337(a) Preempts Each Count Alleged in the Complaint

The FDCA prohibits, among other things, the misbranding of food in interstate commerce. (21 U.S.C. § 331(b).) A food is considered misbranded if "its labeling is false or misleading in any particular" (id., § 343(a)) or "it bears or contains any artificial flavoring, artificial coloring, or chemical preservative, unless it bears labeling stating that fact, except that to the extent that compliance with this paragraph is impracticable" (id., § 343(k)). A federal district court may enjoin a violation of section 331 and in some cases may impose criminal penalties, and the offending food article may be seized. (Id., §§ 332, 333(a) & (d), 334.) A proceeding to enforce the FDCA or to restrain a violation must be commenced by and in the name of the United States, except that a state may commence a proceeding for the civil enforcement of, or to restrain a violation of, certain provisions after giving notice to the federal government. (Id., § 337(a) & (b).)[2]
Section 337(a) does not expressly state that state laws are preempted, but states that an action to enforce the FDCA must be by and in the name of the United States. Section 337(a) thus precludes a private right of action to enforce the FDCA. (Pacific Trading Co. v. Wilson & Co., Inc. (7th Cir.1976) 547 F.2d 367, 370; see Buckman Co. v. Plaintiffs' Legal Committee (2001) 531 U.S. 341, 349, fn. 4, 352, 121 S.Ct. 1012, 148 L.Ed.2d 854.) As the United States Supreme Court stated in Buckman, section 337(a) is "clear evidence that Congress intended that the [FDCA] be enforced exclusively by the Federal Government." (Buckman, supra, at p. 352, 121 S.Ct. 1012.)
The Sherman Law also prohibits the misbranding of food (Health & Saf.Code, § 110765) in language that parallels that of the FDCA. A food is considered misbranded if "its labeling is false or misleading in any particular" (id., § 110660) or "it bears or contains any artificial flavoring, artificial coloring, or chemical preservative, unless its labeling states that fact" (id., § 110740). The Sherman Law also states that "[a]ll food labeling regulations" adopted pursuant to the FDCA "shall be the food labeling regulations of this state" and that the DHS may adopt additional regulations. (Health & Saf.Code, § 110100, subds. (a) & (b).) The DHS *455 may issue a complaint to impose a civil penalty against any person charged with a violation of the Sherman Law or its implementing regulations, that person is entitled to an administrative hearing conducted pursuant to the administrative adjudication provisions of the Administrative Procedures Act (Gov.Code, § 11400 et seq.), and the decision of the DHS is subject to judicial review. (Health & Saf.Code, §§ 111855, 100171.) The Sherman Law states that the DHS or any other person also may commence an action in the superior court for an injunction to restrain a violation of the Sherman Law. (Id., §§ 111900, 111910.) If the action is brought by the Attorney General or a district attorney, the court may impose a civil penalty. (Id., § 111915.)
In section 337(a), Congress clearly expressed its intention to preclude private enforcement of the FDCA. By providing that only the federal government and, in some limited circumstances and only after giving notice to the federal government, a state may commence an action to enforce the FDCA, Congress reserved for the federal government and the states the discretion to enforce or not enforce the FDCA in any particular set of circumstances and afforded the federal government a degree of oversight of the enforcement of the act. To allow a private person to prosecute a state law private right of action based on a violation of the FDCA would interfere with that governmental prosecutorial discretion and federal government oversight and conflict with the clear congressional intent to provide for a comprehensive and exclusive governmental enforcement scheme. These circumstances seem to demonstrate that a state law private right of action based on a violation of the FDCA necessarily would conflict with section 337(a). (See Summit Technology v. High-Line Medical Instruments (C.D.Cal.1996) 922 F.Supp. 299, 306, 316 [claims under California's unfair competition law and false advertising law based on conduct that violated the FDCA were "an attempt to assert a private right of action where none exists"]; Animal Legal Defense Fund v. Provimi Veal Corp. (D.Mass.1986) 626 F.Supp. 278, 283 [state law claims based on violations of the FDCA and a parallel Massachusetts statute were preempted because the FDCA precludes a private right of action].)
We reject the Attorney General's argument that section 337(a) only restricts standing in an action to "directly enforce" the FDCA. In our view, by precluding a private right of action "for the enforcement, or to restrain violations, of this chapter," section 337(a) necessarily "conflicts" with any private state law cause of action that is based on a violation of the FDCA.
The plaintiffs' count for violation of the unfair competition law is clearly predicated on alleged violations of the FDCA and the Sherman Law. The "unlawful" prong of the unfair competition law authorizes a cause of action based on a violation of another statute even if there is no private right of action under the other statute. (Stop Youth Addiction, Inc. v. Lucky Stores, Inc. (1998) 17 Cal.4th 553, 562, 71 Cal.Rptr.2d 731, 950 P.2d 1086.) "[I]t is in enacting the UCL itself, and not by virtue of particular predicate statutes, that the Legislature has conferred upon private plaintiffs `specific power' [citation] to prosecute unfair competition claims." (Ibid.) The mere absence of a private right of action to enforce a statute therefore does not preclude a right of action under the unfair competition law based on a violation of the predicate statute.
Federal preemption, however, is another question. A private right of action under the unfair competition law based on an *456 alleged violation of the FDCA or the parallel provisions of the Sherman Law would conflict with the clear congressional intent to preclude private enforcement of the federal act. In our view, if the alleged conduct would constitute a violation of the FDCA, a private right of action under the unfair competition law challenging the same conduct would interfere with the exclusive prosecutorial discretion of the federal and state governments with respect to FDCA violations, frustrate the federal government's oversight of the act's enforcement, and conflict with the clear congressional intent to preclude a private right of action based on an FDCA violation.
The plaintiffs allege in their operative complaint that the defendants have failed to disclose that farmed salmon offered for sale was artificially colored by use of canthaxanthin and astaxanthin in the fish feed, in violation of the FDCA and the Sherman Law, and that the same conduct also constitutes unfair and unlawful business acts and practices under the unfair competition law, unfair or deceptive trade practices under the CLRA, false and misleading advertising in violation of the false advertising law, and negligent misrepresentation. Put somewhat differently, the plaintiffs rely upon, and in order to recover under any count in their complaint would necessarily have to prove, facts reflecting one or more violations of the FDCA. This is true even though, as the Attorney General emphasizes, the plaintiffs are actually seeking recovery under the provisions of state law. The Attorney General argues that such allegations constitute a permissible "indirect" enforcement of the federal act that is not subject to preemption. The critical issue, however, is not whether the plaintiffs' complaint is seeking "direct" or "indirect" enforcement of the federal act, but whether the defendants' conduct upon which the plaintiffs' claims rest involves violations of the FDCA that the plaintiffs will necessarily have to prove in order to recover under their state law claims. Thus, the proper standard to be applied rests upon what facts the plaintiffs will be required to prove under the allegations of their complaint. If those facts demonstrate violations of the FDCA, then preemption will apply irrespective of the particular state law theories of recovery relied upon by the plaintiffs. To hold otherwise would sanction a patent evasion of section 337(a) and would permit the plaintiffs to do the very thing that adherence to federal law would preclude.
We therefore conclude that all of the plaintiffs' state law causes of action are preempted. The plaintiffs allege no factual basis for any of their causes of action apart from the alleged conduct of the defendants which, if true, would violate one or more provisions of the FDCA. As a result, those causes of action are all preempted.[3] Thus, the trial court's sustaining of the demurrer to each count was proper based on preemption. Accordingly, we need not reach or consider the other grounds relied upon the court.

DISPOSITION
The judgment is affirmed. The defendants are entitled to recover their costs on appeal.
KLEIN, P.J., and ALDRICH, J., concur.
NOTES
[1] The defendants initially argued in support of their demurrer that section 337(a) expressly preempted each cause of action alleged in the complaint because it expressly precluded a private right of action, but later argued in reply that the express prohibition of a private right of action in section 337(a) "creates a conflict with the FDCA." That is, defendants now rely on "conflict" rather than "express" preemption. (See discussion, post.)
[2] "Except as provided in subsection (b) of this section [describing the limited circumstances where a state government may prosecute an action to enforce or restrain violations of the FDCA and the conditions imposed thereon], all such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States. . . ." (21 U.S.C. § 337(a).)
[3] The plaintiffs acknowledge that their state law claims "incorporate and/or parallel federal food labeling standards."